**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE,**
Appellant,

v.

**J.T.S., Appellee.**

**No. A14–89–00655–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 3, 1990.

Rehearing Denied June 7, 1990.

William J. Delmore, III, Houston, for appellant.

William D. Tipton, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

The Harris County District Attorney's Office brings this appeal to set aside the trial court order of expunction of records concerning the arrest and probation of appellee for misdemeanor possession of a controlled substance. In a single point of error appellant asserts there was no evidence that appellee met the requirements for expunction set forth in TEX.CODE CRIM.PROC. ANN. art. 55.01, § (2).

We affirm.

The facts are undisputed that appellee was arrested in March 1988 and charged with possession of marihuana (less than two ounces), a Class B misdemeanor under TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.051. Appellee was a registered nurse and a graduate student. She was searched by U.S. Customs officials as she re-entered the United States at the Houston Intercontinental Airport after a trip to Belize. She was en route to her home in North Carolina. Customs officials turned her over to Houston police who made the arrest. She entered a plea of guilty. The court deferred adjudication of guilt for six months, and she was placed on probation under provisions of TEX.CODE CRIM.PROC.ANN. art. 42.12. She was fined $200 and given certain conditions of probation but was not required to report to a probation officer and a supervisory fee was waived. The proceedings were dismissed in June 1988, on appellee's motion for early termination. She was discharged from probation.

Appellee then filed a petition for expunction of all records and files concerning her arrest and probation, pursuant to provisions of TEX.CODE CRIM.PROC.ANN. art. 55.-01.[1] Appellee appeared at a hearing before

---

**1.** Art. 55.01 Right to Expunction
A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:
(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising

out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at

the court below on May 22, 1989, as did representatives of the Harris County Clerk, Sheriff, and District Attorney's office, and of the Houston Police Department. The State argued that, while the deferred adjudication statute [TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3d] states that a dismissal after serving out probation is not deemed a conviction for the purposes of disqualifications or disabilities imposed by law, the fact of previous probation is admissible to the court or jury at the punishment phase of trial upon conviction of a subsequent offense. TEX.CODE CRIM.PROC.ANN. art. 42.-12 § 3d(c). The State pointed out that if appellee's arrest and probation records are expunged, the information would not be available as evidence on the occasion of any future offense.

The court below considered that appellee had *not* been under any court-ordered supervision pursuant to TEX.CODE CRIM.PROC. ANN. art. 42.13, as found in the controlling language of TEX.CODE CRIM.PROC.ANN. art. 55.01, § (2). The trial court concluded that appellee was entitled to expunction as a matter of law. Judgment was rendered with these words:

> Statutes create exceptions and rights, and there appears to be a right to expunction.
>
> I think it should be strictly construed. I think it may well be contrary to what the Legislature intended, if they intended to do anything. But one can't look to Legislative intent unless there's an ambiguity; and I can't find ambiguity. By abolishing 42.13, I have to conclude that the Legislature abolished one of the exceptions to the right to expunge.
>
> I therefore grant the request for expunction.

the time of the dismissal to believe the person committed the offense or because it was void; (2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no *court ordered supervision under Article 42.13,* Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes): and

No findings of fact or conclusions of law were filed or requested. The judgment of the trial court therefore implies all necessary findings of fact to support itself. *Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex.1988) (per curiam); *In Interest of W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984).

It is undisputed that the only question for review by this court is whether or not appellee's deferred adjudication and probation constituted the "court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended", which is recited in TEX.CODE CRIM.PROC.ANN. art. 55.-01, § (2). The situation before us arises from the fact that Article 42.13 was partially repealed in 1985, fully repealed in 1987, and was not restored until action of the 71st Legislature in 1989.[2] There was no Article 42.13 in the Code of Criminal Procedure at the time of appellee's offense or her probation in 1988. The significance of this appeal to the State is that an affirmance of the court below could lead to expunction of records related to all misdemeanor offenses committed between September, 1985 and September, 1989 if probation resulted.

The State urges us to follow the holding of *Bexar County Criminal Dist. Attorney's Office v. Mayo,* 773 S.W.2d 642 (Tex. App.—San Antonio 1989, no writ). The case before us is distinguishable from *Mayo,* a case in which court-ordered supervision had been prescribed under TEX.CODE CRIM.PROC.ANN. art. 42.13 prior to its 1987 repeal. In *Mayo* the expunction hearing took place in 1988 when there was no Article 42.13 (as here). However, supervision indeed had been prescribed pursuant to a valid Article 42.13 (unlike here), and expunction was denied on a holding that the

(3) he has not been convicted of a felony in the five years preceding the date of the arrest. TEX.CODE CRIM.PROC.ANN. art. 55.01.

2. The 71st Legislature brought the rebirth of Article 42.13 with different subject matter, and also modified Article 55.01, prospectively, to read "... court ordered *probation* under *Article 42.12.*"

scope of Article 55.01 was not diminished by the repeal of Article 42.13.

We are not asked to determine whether or not there was any court-ordered supervision of appellee at all. We are asked to determine whether there was court-ordered supervision under Article 42.13, which there could not have been. Appellee has met all conditions of the three sections of TEX.CODE CRIM.PROC.ANN. art. 55.01 and is entitled to expunction:

1. There was no felony offense.

2. There was no court-ordered supervision under the nonexistent Article 42.-13. Nor was there a conditional discharge under Section 4.12 of the Texas Controlled Substances Act.

3. There was no evidence of any prior felony conviction.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.