HARRIS COUNTY DISTRICT
ATTORNEY'S OFFICE,
Petitioner,

v.

J.T.S., Respondent.

No. D–0091.

Supreme Court of Texas.

April 24, 1991.

William J. Delmore, III and John B. Holmes, Jr., Houston, for petitioner.

William D. Tipton, Houston, for respondent.

OPINION

COOK, Justice.

The question before the court is whether individuals who receive probation pursuant to a guilty plea may have records of their arrests and probations expunged because the legislature failed to update a reference in the expunction statute when it consolidated the misdemeanor and felony probation laws. We hold that under the Code Construction Act, the meaning and scope of a statute which references the provisions of a subsequently repealed statute does not change, absent clear legislative intent to the contrary.

In March 1988, J.T.S. pleaded guilty to possession of less than two ounces of marijuana under section 481.121(b)(1) of the Texas Health and Safety Code. The trial court deferred adjudication for six months and imposed probation under article 42.12, section 5 of the Texas Code of Criminal Procedure. The trial court dismissed proceedings and discharged J.T.S.'s probation in June of 1988. J.T.S. requested and re-

ceived expunction of her arrest and probation records under an erroneous construction of the version of article 55.01 of Texas Code of Criminal Procedure then in effect.[1] The Harris County District Attorney's Office appealed the expunction, and the court of appeals affirmed. 790 S.W.2d 755. We reverse and render.

In 1988, when J.T.S. pleaded guilty, article 55.01 of the Texas Code of Criminal Procedure provided a right to expunction of records and files relating to an arrest if three criteria were met. The first and third requirements for expunction are not at issue here. The second requirement was:

> (2) [the person seeking expunction] has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was not court ordered supervision *under Article 42.13*, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes).

Act of June 13, 1979, 66th Leg., R.S., ch. 604, § 1, 1979 Tex.Gen.Laws 1333 (amended 1989) (current version at Tex.Code Crim.

Proc. art. 55.01 (Vernon Supp.1991)) [emphasis added]. Before 1985, article 42.12 was the probation law for felonies, and article 42.13 was the probation law for misdemeanors. *See Roy v. State*, 674 S.W.2d 924, 925 (Tex.App.—Austin 1984, no writ); *Fogle v. State*, 667 S.W.2d 296, 298 (Tex. App.—Dallas 1984, no writ) (Whitham, J., concurring). In 1985, however, the legislature repealed article 42.13 and amended article 42.12, consolidating the provisions for deferred adjudication probation for misdemeanors and felonies in article 42.12.[2] In 1988, when J.T.S. was arrested and placed on probation, there was no article 42.13. J.T.S. argues that because there was no article 42.13 at the time of her arrest and probation, she could not have been subject to "court ordered supervision" under that provision.[3] Therefore, she contends that she is entitled to expunction. We disagree.

The Code Construction Act controls when interpreting the Code of Criminal Procedure. Tex.Gov't Code Ann. ch. 311 (Vernon 1988); *Barbee v. State*, 432 S.W.2d 78, 82 (Tex.Crim.App.1968), *cert. denied*, 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241

---

**1.** Act of June 13, 1979, 66th Leg., R.S., ch. 604, § 1, 1979 Tex.Gen.Laws 1333, *amended by* Act of June 15, 1989, 71st Leg., R.S., ch. 803, § 1, 1989 Tex.Gen.Laws 3666 (current version at Tex.Code Crim.Proc.Ann. art. 55.01 (Vernon Supp.1991)).

**2.** *See* Act of June 11, 1985, 69th Leg., R.S., ch. 427, § 3, 1985 Tex.Gen.Laws 1531, 1555. Felony deferred adjudication probation (under former article 42.12) and misdemeanor deferred adjudication probation (under former article 42.13) had almost identical characteristics. The only substantive difference between former articles 42.12 and 42.13 regarding deferred adjudication was that under article 42.12, felony probation could last no longer than 10 years, and under article 42.13, misdemeanor probation could last no longer than the possible prison term for the offense. *Compare* Act of June 13, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex.Gen. Laws 1514, 1516 (repealed 1985) *with* Act of June 11, 1985, 69th Leg., R.S., ch. 427, § 1, 1985 Tex.Gen.Laws 1531, 1533 (current version at Tex.Code Crim.Proc. art. 42.12 (Vernon Supp. 1991)).

In 1985, the legislature also added provisions to article 42.13 which were unrelated to deferred adjudication. *See* Act of June 3, 1985,

69th Leg., R.S., ch. 239, § 25, 1985 Tex.Gen. Laws 1181, 1188 (probation fees); Act of June 13, 1985, 69th Leg., R.S., ch. 595, § 4, 1985 Tex.Gen.Laws 2238, 2240 (terms of probation for misdemeanor probation); Act of June 14, 1985, 69th Leg., R.S., ch. 632, §§ 14, 15, 1985 Tex.Gen.Laws 2328, 2339–40 (mandatory jail time and evaluation for convicted probationers); *all repealed by* Act of June 20, 1987, 70th Leg., ch. 939, § 24, 1987 Tex.Gen.Laws 3132, 3144. *See* Tex.Gov't Code Ann. § 311.031 (Vernon 1988) (repeal of statute does not affect amendment of statute by same legislature).

In 1987, the legislature repealed the article altogether. Act of June 20, 1987, 79th Leg., R.S., ch. 939, § 24, 1987 Tex.Gen.Laws 3132, 3144. In 1989, the legislature created a new article 42.13 dealing with the Community Justice Assistance program. *See* Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 3.01, 1989 Tex. Gen.Laws 3471, 3478.

**3.** The problem presented by this case does not arise for offenses committed on or after September 1, 1989 because the 1989 amendment to article 55.01 refers to probation under article 42.12, not article 42.13. Tex.Code Crim.Proc. Ann. art. 55.01 (Vernon Supp.1991).

(1969); *Ceaser v. State,* 624 S.W.2d 669, 671 (Tex.App.—Beaumont 1981, no writ).

 When interpreting a statute, whether or not ambiguous, a court may consider the object sought to be obtained and the legislative history. Tex.Gov't Code Ann. § 311.023(1), (3) (Vernon 1988). The primary goal of statutory construction is to effectuate the intent of the legislature. *See Seay v. Hall,* 677 S.W.2d 19, 25 (Tex. 1984). The legislature intended section 55.-01 to permit the expunction of records of wrongful· arrests. *Meyers v. State,* 675 S.W.2d 798, 799 (Tex.App.—Dallas 1984, no writ); *Texas Dept. of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.App.—Texarkana 1981, no writ); *see Hearing on Tex. S.B. 374 Before the Senate Jurisprudence Committee, Subcommittee on Criminal Matters,* 66th Leg., R.S. (Mar. 13, 1979) (tape available from Senate Staff Services). After the 1979 amendment, the expunction law clearly was not "intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense." *Failla,* 619 S.W.2d at 217. In the case before us, J.T.S. pleaded guilty and admitted that she was not wrongfully arrested.

 In addition, a court must presume that the entire statute was intended to be effective. Tex.Gov't Code Ann. § 311.021(2). The reference in article 55.01 to article 42.13 must be presumed to have some meaning. *See Carbide Int'l, Ltd. v. State,* 695 S.W.2d 653, 658 (Tex.App.—Austin 1985, no writ) (code reference to other code provision not to be held meaningless if avoidable by a reasonable interpretation). A statute which incorporates another statute by reference retains its scope even when the incorporated law expires or is repealed. *Bexar County Crim. Dist. Attorney's Office v. Mayo,* 773 S.W.2d 642, 643–44 (Tex.App.—San Antonio 1989, no writ); *Falkner v. Allied Fin. Co.,* 394 S.W.2d 208, 214 (Tex.Civ.App.—Austin), *writ ref'd n.r.e. per curiam,* 397 S.W.2d 846 (Tex.1965). Therefore, any court ordered supervisions which would have satisfied the terms of article 55.01 before the repeal of article 42.13 would satisfy article 55.01 after the repeal. The issue becomes whether a misdemeanor deferred adjudication under the new article 42.12 is the same as a misdemeanor deferred adjudication under former article 42.13. We hold that it is. The repeal of article 42.13 and enactment of the new article 42.12 did not change the substance of deferred adjudication probation for misdemeanors. The provisions of the 1985 version of article 42.12 pertaining to deferred adjudication for misdemeanors are, with very minor changes, the same as the pre-repeal version of section 42.13. *Compare* Act of June 13, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex.Gen.Laws 1514, 1516 (repealed 1985) *with* Act of June 11, 1985, 69th Leg., R.S., ch. 427, § 1, 1985 Tex.Gen.Laws 1531, 1533 (current version at Tex.Code Crim.Proc. art. 42.12 (Vernon Supp.1991)).

Lastly, a court may consider the consequences that may flow from a particular construction, presuming that a just and reasonable result is intended and that the public interest is to be favored over any private interest. Tex.Gov't Code Ann. §§ 311.021(3), (5); 311.023(5); *see Ceaser,* 624 S.W.2d at 671. The public has an important interest in arrest records being kept for use in subsequent punishment proceedings, including subsequent applications for probation. These records are valuable to document and deter recidivism.

For the above stated reasons, we reverse the judgment of the court of appeals and render judgment denying expunction.