**HARRIS COUNTY DISTRICT ATTOR- NEY'S OFFICE and Houston Police Department, Appellants,**

v.

**Wyndalyn K. DAWSON, Appellee.**

**No. B14–90–696–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 9, 1991.

William J. Delmore, III, Laura S. Partwood, Houston, for appellants.

Kenneth L. Smith, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from an order of expunction of records concerning the arrest and probation of appellee for misdemeanor theft. In one point of error, appellants contend the trial court erred in granting expunction because there was no evidence that appellee met the statutory requirements for an expunction under TEX.CODE CRIM.PROC.ANN. art. 55.01(2) (Vernon Supp. 1991). We reverse and render.

On May 23, 1989, appellee was arrested and charged with theft of property with a value of $20 or more but under $200, a Class B misdemeanor under TEX.PENAL CODE ANN. § 31.03(e)(2)(A) (Vernon 1989). Appellee pleaded guilty to the charge and the trial court deferred adjudication of guilt for 180 days. Appellee was placed on probation in accordance with Article 42.12 Section 5 of the Code of Criminal Procedure and was fined $150.

On June 1, 1990, appellee filed a petition for expunction of all records and files arising out of her arrest, pursuant to chapter 55 of the Code of Criminal Procedure. She contended that she had complied with the requirements of TEX.CODE CRIM.PROC.ANN. art. 55.01. At the hearing on June 22, 1990, representatives of the Harris County District Attorney's office, the Harris County Clerk, the Harris County Sheriff, and the Houston Police Department opposed appellee's petition. Appellants argued that appellee did not meet the requirements of article 55.01. The trial court concluded that he had the authority to grant the petition "under the law as it exists at the present time" and ordered the expunction of appellee's records.

On May 30, 1989, the date appellee was sentenced, article 55.01 of the Code of Criminal Procedure provided:

A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending *and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure,* 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15 Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1989), *amended by* Acts 1989, 71st Leg., ch. 803, § 1, 1989 Tex.Gen.Laws 3666, 3667 (emphasis added).

In 1985, the legislature repealed the portions of article 42.13 concerning the imposition of misdemeanor probations, and merged them into article 42.12, which previously had constituted the felony adult probation statute, to create a consolidated "Adult Probation Law." The legislature repealed the remainder of article 42.13 in 1987. However, between September 1, 1985 and September 1, 1989, article 55.01(2) continued to refer to "court ordered supervision under Article 42.13", which no longer existed.

The legislature subsequently amended section 2 of article 55.01, effective September 1, 1989, as follows:

> (2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending *and there was no court ordered probation under Article 42.12, Code of Criminal Procedure,* ....

TEX.CODE CRIM.PROC.ANN. art. 55.01(2) (Vernon Supp.1991) (emphasis added).

Thus, appellee contends that we must decide whether her deferred adjudication constituted court ordered supervision under article *42.13* of the Code of Criminal Procedure. Another panel of this court was presented with this same issue in *Harris County District Attorney's Office v. J.T.S.,* 790 S.W.2d 755 (Tex.App.—Houston [14th Dist.] 1990, writ granted). The court held that the appellee was entitled to expunction because there was no court ordered supervision under article 42.13.

In *J.T.S.,* the petitioner was arrested in March 1988. She received deferred adjudication and was placed on probation under TEX.CODE CRIM.PROC.ANN. art. 42.12. The proceedings against her were dismissed in June 1988 and she subsequently sought expunction of all records and files concerning her arrest and probation, pursuant to article 55.01. The trial court granted the expunction and the district attorney's office appealed. The appellate court recognized that article 42.13 had been partially repealed in 1985 and fully repealed in 1987. Therefore, there was no article 42.13 in the Code of Criminal Procedure at the time of the petitioner's offense or her probation. The court concluded that there could not have been court-ordered supervision under article 42.13 and that the petitioner was entitled to expunction.

However, the Texas Supreme Court recently reversed and rendered the prior panel's decision. *See Harris County District Attorney's Office v. J.T.S.,* 807 S.W.2d 572 (1991). The court held that "under the Code Construction Act, the meaning and scope of a statute which references the provisions of a subsequently repealed statute does not change, absent clear legisla-

tive intent to the contrary." *Id.* The court noted that the primary goal of statutory construction is to effectuate the intent of the legislature and that the legislative intent underlying article 55.01 was to permit the expunction of records of wrongful arrests. *Id.* at 574. The court also stated that

> the expunction law clearly was not 'intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.'

*Id.* (quoting *Texas Department of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex. Civ.App.—Texarkana 1981, no writ)).

The court recognized that misdemeanor deferred adjudication under former article 43.13 and that "[t]he repeal of article 42.13 and enactment of new article 42.12 did not change the substance of deferred adjudication for misdemeanors." *Id.* Thus, the court held that the petitioner was not entitled to expunction of her arrest and court records.

Furthermore, in the present case, appellee did not seek expunction of her records until June 1, 1990, some nine months after article 55.01(2) was amended. Because appellee received court-ordered probation under article 42.12 and did not seek expunction of her records until June 1990, it appears that she would not have been entitled to expunction under article 55.01.

Accordingly, we sustain appellants' point of error, reverse the order of expunction, and render judgment denying expunction.