TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00689-CV







City of Corpus Christi, Texas, Appellant


v.



Commission on State Emergency Communications; and Carey Spence, Interim Executive
Director, Commission on State Emergency Communications, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 99-02304, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING








 Appellant, the city of Corpus Christi ("the City"), appeals from a district-court
summary judgment in favor of appellees, the Commission on State Emergency Communications and
Carey Spence, its Interim Executive Director (1) (together "the Commission"). The City sought a
declaratory judgment that the Commission exceeded its authority under the health and safety code
when it refused to allow the City to withdraw from a regional 911 emergency plan. See Tex. Health
& Safety Code Ann. § 771.051 (West Supp. 2001). We will reverse the district court's summary
judgment and render judgment for the City.


FACTUAL AND PROCEDURAL BACKGROUND

 In 1988 the City entered into an agreement with the Coastal Bend Council of
Governments ("the Council") to participate in a regional 911 emergency plan, which is part of the
statewide 911 system administered by the Commission. Under the agreement, the Council would
administer the regional 911 plan in the entire Coastal Bend Region, including the City, for five years
with the agreement continuing thereafter from year to year unless either party chose to terminate the
agreement. The City's participation in such a plan is permitted by the health and safety code. See
id. § 771.058(b).

 After participating in the plan for seven years, the City decided to withdraw from it
and begin providing its own 911 service to customers within the City. The City notified the Council
of its plans to terminate the agreement on January 1, 1998. Although the Council accepted the City's
withdrawal, the Commission rejected it and continued to levy an emergency service fee on customers
in the City. See id. § 771.071. However, under the health and safety code, the Commission may not
continue to levy the fee if the City is no longer participating in the regional plan. See id.
§ 771.071(d).

 The City filed suit, seeking a declaratory judgment that the Commission lacked the
authority to reject the City's withdrawal from the regional plan. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 37.001-.011 (West 1997 & Supp. 2001). Both the City and the Commission filed motions
for summary judgment. The district court granted the Commission's motion and denied the City's. 
By one issue, the City appeals the district court's summary judgment.


DISCUSSIONJurisdiction

 As a preliminary matter, we will address a jurisdictional issue raised by the
Commission. The Commission filed a plea to the jurisdiction in the district court, asserting that the
City's claims were barred by sovereign immunity. The district court denied the Commission's plea. 
Although the Commission did not immediately appeal that ruling, see Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (West Supp. 2001), it now asserts that this Court lacks jurisdiction because "the
[Uniform Declaratory Judgments Act] does not carry its own jurisdiction," the doctrine of sovereign
immunity bars the suit, and "[n]o statute authorizes judicial review of [the] Commission's decision." 
We reject all three of the Commission's arguments. 

 A "declaratory judgment . . . is appropriate only if (1) a justiciable controversy exists
as to the rights and status of the parties; and (2) the controversy will be resolved by the declaration
sought." Texas Dep't of Pub. Safety v. Moore, 985 S.W.2d 149, 153 (Tex. App.--Austin 1998, no
pet.) (citing Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)). The City's suit
satisfies these two requirements. 

 The Commission's arguments that the City's claims are barred by the doctrine of
sovereign immunity and that the City is circumventing established procedure for review of
administrative-agency decisions are also without merit. The City is seeking a determination of
agency power; it is not seeking to control a State function nor is it seeking judicial review of the
Commission's decision. "Suits challenging an agency's action as being outside the scope of its
delegated authority are not suits against the State requiring legislative permission to sue." Texas
State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Texas Workforce Comm'n, 16 S.W.3d 61,
69 (Tex. App.--Austin 2000, no pet.). We hold that the district court had jurisdiction to entertain
the City's action and this Court has jurisdiction to consider the City's appeal. 


Home-Rule Power

 By its only issue, the City argues that the legislature has not clearly granted to the
Commission the power to reject the City's withdrawal from the regional plan. When both sides
move for summary judgment and the trial court grants one motion and denies the other, we review
the summary-judgment proof presented by both sides and determine all questions presented. 
Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). If we find error, we must render the
judgment the trial court should have rendered. Id.

 The City is a home-rule city, deriving its power from the Texas Constitution. See
Tex. Const. art. XI, § 5; Quick v. City of Austin, 7 S.W.3d 109, 122 (Tex. 1998). A home-rule city
is not dependent on the legislature for a grant of authority. Quick, 7 S.W.3d at 122; Lower Colo.
River Auth. v. City of San Marcos, 523 S.W.2d 641, 643 (Tex. 1975). Rather, the legislature may
provide limits on the power of home-rule cities, but only if the limitation appears with "unmistakable
clarity." Quick, 7 S.W.3d at 122; Lower Colo. River Auth., 523 S.W.2d at 645. 

 The City seeks to withdraw from the regional plan and the opportunity to provide its
own 911 service only within the municipality. Unless the legislature, in the health and safety code,
limited with unmistakable clarity the City's authority to do so, the City may withdraw from the plan. 
We conclude that the legislature has not so limited the City's authority. 

 Statutory construction is a question of law, Johnson v. City of Fort Worth, 774
S.W.2d 653, 656 (Tex. 1989), the resolution of which must begin by looking to the statute's
words. Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998). 
"The goal of statutory construction is to give effect to the intent of the legislature." Monsanto
Co. v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993) (citing Harris County
Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991)). Simply stated, where a
statute is unambiguous, we discern the legislature's intent from the "plain and common meaning
of the words and terms used." Id. (citing Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 352
(Tex. 1990); RepublicBank Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985)). 
Courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary
meaning. Sorokolit v. Rhodes, 889 S.W.2d 239, 241 (Tex. 1994); Sexton v. Mount Olivet Cemetery
Ass'n, 720 S.W.2d 129, 138 (Tex. App.--Austin 1986, writ ref'd n.r.e.).

 The sections of the health and safety code at issue here address the establishment,
operation, and amendment of regional planning commissions. See Tex. Health & Safety Code Ann.
§ 771.055-.057. Section 771.055 requires a regional planning commission, such as the Coastal Bend
Council of Governments, to develop a regional plan for 911 emergency service and also includes
various requirements for such a plan. Id. A regional plan must be submitted to the Commission for
approval. Id. § 771.056. The Commission may either approve or disapprove a plan. Id. 
Amendment of the plan is according to procedures established by the Commission. Id. § 771.057. 
Although the Commission has adopted rules for amending a plan, see 1 Tex. Admin. Code
§ 251.6(d)(1), (2) (2000), those rules do not specifically address the withdrawal of a party to the plan. 
However, the Commission argues that its general power to disapprove an amendment to a regional
plan encompasses the ability to reject the withdrawal of an entity from a regional plan, stating in its
brief, "Any withdrawal must be with the approval of the Commission, through the regional plan
amendment process." 

 However, the health and safety code is silent as to a procedure for withdrawal from
a regional plan. See id. §§ 771.055-.057. The word "amendment" does not unmistakably and clearly
implicate a complete withdrawal from a regional plan, nor does any provision of the Commission's
rules. We note that courts may not by implication enlarge the meaning of any word in the statute
beyond its ordinary meaning. Sorokolit, 889 S.W.2d at 241; Sexton, 720 S.W.2d at 138. If the
legislature had intended for the Commission to have the authority to reject a home-rule city's
withdrawal from a regional plan, it could have easily done so in clear, unambiguous language. 

 The Commission argues that although the statute does not specifically grant it ability
to establish a procedure for a party's withdrawal from a regional plan, the interpretation urged by the
City "flies in the face of the overall legislative intent" as revealed by its contemporaneous acts. The
Commission notes the legislature's passage of another chapter of the health and safety code that it
claims reveals the legislature's "intention to promote the statewide 9-1-1 program" administered by
the Commission. See Tex. Health & Safety Code Ann. §§ 772.104, .204, .304, .402 (West 1992 &
Supp. 2001). We do not dispute that these chapters (771 and 772) show an intent to provide all state
residents access to 911 emergency service. See id. §§ 772.104, .204, .304, .402. However, we must
look to the words of a statute to determine legislative intent. See Monsanto Co., 865 S.W.2d at
939. The plain and common meaning of the applicable sections of the code do not give the
Commission clear and unmistakable authority to reject the City's withdrawal. We will not equate
withdrawal with amendment to restrict the power of a home-rule city to withdraw from a regional
911 plan. 

 Because the legislature has not limited with "unmistakable clarity" the power of a
home-rule city to withdraw from a regional plan, we hold that the City may so withdraw. See Quick,
7 S.W.3d at 122; Lower Colo. River Auth., 523 S.W.2d at 645.


CONCLUSION

 Having determined that the legislature did not grant the authority urged by the
Commission, we sustain the City's issue, reverse the district court's judgment, and render judgment
granting the City's motion for summary judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson. 

Reversed and Rendered

Filed: September 13, 2001

Publish

1. This appeal was originally filed in the name of the previous executive director of the
Commission on State Emergency Communications. We have substituted the current interim
executive director. See Tex. R. App. P. 7.2(a).