In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00193-CV

____________


THE STATE OF TEXAS, Appellant


V.


KATHRYN KERVER DONOHUE, Appellee






On Appeal from the 157th District Court 

Harris County, Texas

Trial Court Cause No. 2000-23630 





O P I N I O N


 This is an appeal of the trial court's order expunging the arrest record of appellee,
Kathryn Kerver Donohue. (1)
 We reverse and render. 


BACKGROUND


 Appellee was arrested on August 2, 1985 for the misdemeanor offense of prostitution. 
She pleaded nolo contendere to the charge and, on September 26, 1985, the trial court
deferred adjudication and placed her on probation for six months and assessed a fine of $250. 
Appellee's deferred adjudication was successfully terminated on March 5, 1986. On May
10, 2000, appellee filed a motion for expunction of her arrest record pursuant to article
55.01(a)(2)(B) of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
art. 55.01(a)(2) (Vernon Supp. 2002). The trial court granted the expunction on November
15, 2000. 

 In one point of error, the State contends the trial court erred in granting the expunction
in the absence of any evidence that the petitioner met the statutory requirements as set out
in article 55.01(2).

DISCUSSION


 Expunction is available only when all the statutory conditions have been met. Tex.
Dep't of Pub. Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.--Corpus Christi 1997, no
writ). The burden of proof is on the petitioner. Id.

 The State argues that appellee is not eligible for expunction of her arrest records
because she does not meet the statutory requirements of article 55.01 of the Texas Code of
Criminal Procedure. Because appellee's offense was committed in 1985, the 1979 version
of article 55.01 controls in this appeal. See Act of May 29, 1989, 71st Leg., R.S., ch. 803,
§ 5(b), 3666, 3668 ("An arrest for an offense committed before the effective date of this Act
is covered by the law in effect when the offense was committed, and the former law is
continued in effect for this purpose."). The 1979 act provided: 

 A person who has been arrested for commission of either a felony or
misdemeanor is entitled to have all records and files relating to the arrest
expunged if each of the following conditions exist: 


 . . . . 


 (2) he has been released and the charge, if any, has not resulted in a
final conviction and is no longer pending and there was no court ordered
supervision under Article 42.13, Code of Criminal Procedure, 1965, as
amended . . . . 


Act of May 27, 1979, 66th Leg., R.S., ch. 604 § 1, 1979 Tex. Gen. Laws 1333, 1333. 

 Appellee does not deny that she pleaded nolo contendere and was placed on court-ordered probation pursuant to article 42.13 of the Texas Code of Criminal Procedure. 
However, appellee argues (1) that, because the petition for expunction was filed in 2000, the
1979 statute does not control and (2) that the statute in effect in 2000 required, with regard
to court-ordered community supervision, only that she had not been placed on such
supervision under article 42.12. (2) 

 A nearly identical argument was rejected in Harris County District Attorney's Office
v. J.T.S., 807 S.W.2d 572 (Tex. 1991). In that case, the supreme court, looking to the intent
of the legislature in interpreting the statute, noted that the amendments after 1979 were
clearly "not intended to allow a person who is arrested, pleads guilty to an offense, and
received probation pursuant to a guilty plea to expunge arrest and court records concerning
that offense." Id. at 574 (quoting Tex. Dep't of Pub. Safety v. Failla, 619 S.W.2d 215, 217
(Tex. App.--Texarkana 1981, no writ)). The supreme court held, "The provisions of the
1985 version of article 42.12 pertaining to deferred adjudication for misdemeanors are, with
very minor changes, the same as the pre-repeal version of section 42.13." Id. 

 Both the 1989 and 1999 amendatory statutes provided that, for an offense committed
before the effective date of those acts, the former law was continued in effect. See Act of
May 30, 1999, 76th Leg., R.S., ch. 1236, § 5(b), 1999 Tex. Gen. Laws 4279, 4282; Act of
May 29, 1989, 71st Leg., R.S., ch. 803, § 5(b), 1989 Tex. Gen. Laws 3666, 3668. Appellee
argues that the 2001 amendatory statute, which provides, "The change in law made by this
Act applies to arrest records and files created before, on or after the effective date of this
Act," is retroactively applied to all arrest records. 

 Appellee misconstrues the effect of the 2001 amendatory act. The changes made to
article 55.01 by the legislature in 2001 do not affect the provisions at issue in this case, but
concern such matters as false identification, verified pleadings, the manner of dealing with
the expunction, and minor word changes. See Act of May 18, 2001, 77th Leg., ch. 945, §§
1-6, 2001 Tex. Gen. Laws 1896; Act of May 17, 2001, 77th Leg., ch. 1021, §§ 1-5, 2001 Tex.
Gen. Laws 2236. The 2001 version of article 55.01 does not control the merits of this case. 

 The record reflects that appellee pleaded nolo contendere and was placed on deferred-adjudication probation on November 11, 1985. Because appellee was placed under court-ordered probation, she was not eligible, under any of the amended versions of article 55.01,
for expunction. See J.T.S., 807 S.W.2d at 574. Appellee has not met her burden of proving
her entitlement to expunction. Accordingly, we sustain the State's point of error. 

 We reverse the order of the trial court and render an order denying appellee's
requested expunction. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack. 


Do Not Publish. Tex. R. App. P. 47.4. 
1. Appellee is now known as Kathryn Kerver Donohue Duncan.

2. Before 1985, article 42.13 governed probation for misdemeanor convictions, and
article 42.12 governed probation for felony convictions. In 1985, the legislature repealed
article 42.13 and consolidated its provisions into an amended article 42.12. Act of May 21,
1985, 69th Leg., R.S., ch. 427, § 3, 1985 Tex. Gen. Laws 1531, 1555 (repealing article
42.13); Id., § 1, 1985 Tex. Gen. Laws 1531, 1532 (consolidating provisions of article 42.13
with amended article 42.12).