# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 23, 2009

The Honorable Rex Emerson
Kerr County Attorney
Kerr County Courthouse
700 Main Street, Suite BA-103
Kerrville, Texas 78028

Opinion No. GA-0731

Re: Whether the Kerr County Sheriff is required to maintain a room in the jail dedicated to recording the interrogation of a person arrested for driving while intoxicated (RQ-0783-GA)

Dear Mr. Emerson:

You state that pursuant to an uncodified law the Kerr County Sheriff maintains a room with videotape equipment for recording persons who have been arrested for driving while intoxicated, and you ask whether he must continue to maintain the room and the recording equipment.[1] The law you inquire about was adopted in 1983 as section 24 of a bill amending provisions on the offense of driving while intoxicated. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 24, 1983 Tex. Gen. Laws 1568, 1605. Section 24 provides in part:

> (a) Each county with a population of 25,000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701*l*-1, Revised Statutes, or . . . [Penal Code section 19.05(a)(2)].
>
> (b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

*Id.*

The Sheriff believes that section 24 "is no longer applicable to require him to maintain the dedicated room or equipment."[2] He seeks authority to dispose of the equipment and use the room for other law enforcement purposes. Requestor's Brief at 2.

---

[1]Request Letter at 1–2 (*available at* http://www.texasattorneygeneral.gov).

[2]Requestor's Brief at 2 (attached to Request Letter, *available at* http://www.texasattorneygeneral.gov).

Section 24 by its plain language requires counties with a population of 25,000[3] or more to purchase and maintain electronic devices to make visual recordings of certain arrested persons. It does not require a county to maintain a room dedicated to this purpose,[4] nor does it specify the location where the equipment is to be used. You state that all of Kerr County's patrol vehicles are equipped with video recording devices, which presumably "are capable of visually recording a person arrested within the county" for driving while intoxicated. Act of May 27, 1983, § 24(a), at 1605; *see* Request Letter at 2. Nothing in section 24 prohibits the Sheriff from placing the required video recording devices in patrol cars and using the room for other official purposes.[5]

"[S]ection 24 has not been repealed" and remains in effect "even though it has not been codified." *Cooper v. State*, 961 S.W.2d 222, 225 n.2, 226 (Tex. App—Houston [1st Dist.] 1997, pet. ref'd). The Legislature did not give section 24 an official article number in the Revised Civil Statutes. *See* Act of May 27, 1983, § 24 n.16, at 1605. The text of section 24 was carried forward into the Revised Statutes and placed immediately following article 6701*l*-1. *See id.*; *see also Cooper*, 961 S.W.2d at 225 n.2, 226 (setting out the history of section 24). In 1993, the Legislature repealed article 6701*l*-1 in a bill amending statutes on driving while intoxicated. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704.[6] The substance of the offenses defined by article 6701*l*-1 is now found in Texas Penal Code sections 49.04 and 49.07. *See* TEX. TRANSP. CODE ANN. § 521.342 revisor's note (Vernon 2007); *see also* TEX. PENAL CODE ANN. §§ 49.04 (Vernon 2003), 49.07 (Vernon Supp. 2008). The Legislature did not repeal section 24, although West Publishing Company omitted references to this provision after article 6701*l*-1 was repealed. *See Cooper*, 961 S.W.2d at 225 n.2, 226. The repeal of article 6701*l*-1 did not change the meaning and scope of section 24. *See Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 572 (Tex. 1991) (when a referenced statute is repealed, the meaning of the referencing statute does not change, absent clear legislative intent to the contrary). The requirements of section 24 remain in effect.

---

[3]The population of Kerr County was 28,780 in 1980 and 43,653 in 2000. *See* U.S. CENSUS BUREAU, TEXAS POPULATION OF COUNTIES BY DECENNIAL CENSUS: 1900 to 1990 (*available at* http://www.census.gov/population/cencounts/tx190090.txt (last visited July 14, 2009)); U.S. CENSUS BUREAU, STATE & COUNTY QUICKFACTS (*available at* http://quickfacts.census.gov/qfd/states/48/48265.html (last visited July 14, 2009)).

[4]We are unaware of any law imposing this requirement on a county sheriff.

[5]If the county no longer needs certain video recording equipment, the commissioners court may sell or otherwise dispose of it as surplus or salvage property. *See* TEX. LOC. GOV'T CODE ANN. § 263.152 (Vernon Supp. 2008).

[6]Another 1993 enactment amended article 6701*l*-1. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 8, 1993 Tex. Gen. Laws 3515, 3523. Article 6701*l*-1 as amended in 1993 was repealed in 1995. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 63, 1995 Tex. Gen. Laws 2734, 2755.

## S U M M A R Y

Section 24 of the Act of May 27, 1983, 68th Leg., R.S., ch. 303, requires counties with a population of 25,000 or more to purchase and maintain electronic devices to make visual recordings of persons arrested within the county for the offense of driving while intoxicated. Section 24, which remains in effect, does not require a county to maintain a room dedicated to videotaping the arrested persons, nor does it specify the location where the equipment is to be used.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee