Petition for Writ of Mandamus Denied and
Memorandum Opinion filed December   6, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-10-01261-CR



 

In Re mark
burns,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS

177th District
Court 

Harris County,
Texas

Trial
Court No. 451214



 

MEMORANDUM
  OPINION

On December 27, 2010, relator Mark Burns filed petition
for writ of mandamus in this court.  See Tex. Gov’t Code §22.221; see
also Tex. R. App. P. 52.  In the petition, Burns asks this court to compel
the Honorable Kevin Fine, presiding judge of the 177th District Court in Harris
County, to grant his motion for expunction of a criminal record filed in cause
number451214 and order the prison parole division to correct its erroneous
records.  

To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Consideration of a motion that is properly filed and
before the court is a ministerial act.  State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).  A relator must
establish that the trial court (1) had a legal duty to rule on the motion; (2)
was asked to rule on the motion; and (3) failed to do so.  In re Keeter,
134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); In re
Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)
(relator must show that trial court received, was aware of, and was asked to
rule on motion).  

The mandamus record reveals that in 1986, Burns was
indicted for sexual assault of a child in cause number 451214.  On December 18,
1986, after the State reduced the charge to a Class A misdemeanor assault, Burns
entered a guilty plea and was sentenced to probation for one year and assessed
a $500 fine.  On December 9, 1987, the State filed a motion to revoke Burns’s
probation.  On January 8, 1988, Burns entered a plea of true to violating his
probation and was sentenced to 180 days in the Harris County Jail.  The final
judgment from the revocation of probation erroneously recited that Burns was
convicted of felony sexual assault.  

On January 22, 2010, the trial court granted Burns’s
motion for entry of a judgment nunc pro tunc to correct the error.  The trial
court ordered the judgment revoking Burns’s probation to reflect that Burns
entered a plea to misdemeanor assault.  The court’s order recites that the
judgment nunc pro tunc supersedes the erroneous judgment.  Burns included in
our record correspondence from his counsel in which he was provided copies of
the judgment nunc pro tunc.

Burns, who is incarcerated due to another unspecified
conviction, asserts that the parole division has not deleted the erroneous
judgment from its records.  He complains that the parole division classified
him as a sex offender and denied his parole on August 29, 2010.  Therefore, on
November 19, 2010, he filed a motion for expunction of records in the 177th
District Court.  To date, he has not received a ruling from the court.

Expunction
is a statutory privilege governed by article 55.01 of the Texas Code of
Criminal Procedure, which provides that an arrested person is entitled to have
the records of an arrest expunged if (1) he was acquitted or pardoned; or (2)
there was no indictment or the indictment was dismissed, and several other
requirements are met, including that the applicant was not convicted.  Tex. Code
Crim. Proc. art. 55.01.  The purpose of the expunction statute is
to allow the record of a wrongful arrest to be expunged, not to allow a person
who was arrested and pled guilty to expunge a record.  See Harris County
Dist. Attorney’s Office v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991).  Thus,
the statute does not permit an expunction of records relating to a conviction
unless the conviction was pardoned.  See Tex. Code Crim. Proc. art.
55.01(a)(1) & 55.01(2)(B).

Burns is not entitled to expunction under these
facts.  Therefore, Burns has not established that the trial court had a legal
duty to rule on his motion.  Accordingly, Burns’s petition is denied.

 

                                                                        PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices Seymore
and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).