**Opinion filed June 23, 2011**



In The

# Eleventh Court of Appeals

—————

### No. 11-09-00246-CV

—————

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

## KENNY COBB, JR., Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 46519**

### M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety appeals from an order expunging all records reflecting that Kenny Cobb, Jr. was convicted of the felony offense of criminal mischief. In its sole issue on appeal, the DPS asserts: "Cobb was not entitled to an expunction of records related to his arrest because he served a term of deferred adjudication as a result of that arrest."

The record shows that Cobb moved for a "partial expunction" of his records because his criminal history incorrectly indicated that he had been "convicted" of criminal mischief. It is

undisputed that Cobb was not convicted of that offense but, rather, received deferred adjudication in 1983 and subsequently completed his probation without being adjudicated guilty.

We agree with the DPS that Cobb is not entitled to an expunction of his "arrest" records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp. 2010); *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572 (Tex. 1991). However, Cobb did not request that his "arrest" records be expunged pursuant to Article 55.01, and the trial court's order does not explicitly expunge the records related to Cobb's "arrest." To the extent that the trial court order may be construed to expunge Cobb's arrest record, we sustain the issue urged by the DPS. We note that, in its reply brief, the DPS states that Cobb's computerized criminal history has now been corrected to remove any references to a conviction.

We affirm the order of the trial court to the extent that it relates to records reflecting that Cobb was convicted of criminal mischief. However, to the extent that it may be read to require the expunction of records relating to Cobb's arrest and deferred adjudication for criminal mischief, the order of the trial court is reversed. Cobb is not entitled to an expunction of the records and files related to his arrest.

PER CURIAM

June 23, 2011

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.