Opinion filed June 23,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00246-CV 

                                                    __________

 

             TEXAS
DEPARTMENT OF PUBLIC SAFETY, Appellant

 

                                                             V.

 

                                      KENNY
COBB, JR., Appellee



 

                                   On
Appeal from the 118th District Court

 

                                                          Howard
County, Texas

 

                                                      Trial
Court Cause No. 46519

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
Texas Department of Public Safety appeals from an order expunging all records
reflecting that Kenny Cobb, Jr. was convicted of the felony offense of criminal
mischief.  In its sole issue on appeal, the DPS asserts:  “Cobb was not
entitled to an expunction of records related to his arrest because he served a
term of deferred adjudication as a result of that arrest.”

            The
record shows that Cobb moved for a “partial expunction” of his records because
his criminal history incorrectly indicated that he had been “convicted” of
criminal mischief.  It is undisputed that Cobb was not convicted of that
offense but, rather, received deferred adjudication in 1983 and subsequently completed
his probation without being adjudicated guilty.

            We
agree with the DPS that Cobb is not entitled to an expunction of his “arrest”
records.  See Tex. Code Crim.
Proc. Ann. art. 55.01 (Vernon Supp. 2010); Harris County Dist.
Attorney’s Office v. J.T.S., 807 S.W.2d 572 (Tex. 1991).  However, Cobb did
not request that his “arrest” records be expunged pursuant to Article 55.01,
and the trial court’s order does not explicitly expunge the records related to
Cobb’s “arrest.”  To the extent that the trial court order may be construed to
expunge Cobb’s arrest record, we sustain the issue urged by the DPS.  We note
that, in its reply brief, the DPS states that Cobb’s computerized criminal
history has now been corrected to remove any references to a conviction.

            We
affirm the order of the trial court to the extent that it relates to records
reflecting that Cobb was convicted of criminal mischief.  However, to the
extent that it may be read to require the expunction of records relating to
Cobb’s arrest and deferred adjudication for criminal mischief, the order of the
trial court is reversed.  Cobb is not entitled to an expunction of the records
and files related to his arrest.  

 

 

                                                                                                PER
CURIAM

                                                                                    

June 23, 2011

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.