

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00068-CV

EX PARTE NEIL GARRETT ATKINSON

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 2018-1182-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

On June 15, 2018, Neil Garrett Atkinson filed a petition for expunction of all records and files relating to a dismissed assault-causing-bodily-injury charge that allegedly occurred in Gregg County, Texas, on August 9, 2016. The expunction was granted on July 16, 2018. The Texas Department of Public Safety (DPS) appeals the trial court's order of expunction and argues, among other things, that the case must be reversed and remanded for a new trial because no reporter's record was made of the hearing. Atkinson concedes the error and agrees that this case should be reversed. Because we concur with the DPS and Atkinson, we reverse the trial court's order of expunction and remand the cause for a new hearing.

## I.  Procedural Background

"The right to expunction is a 'statutory privilege' allowed by Article 55.01 of the Texas Code of Criminal Procedure." *Ex parte Tippens*, No. 06-17-00100-CV, 2018 WL 1440462, at *1 (Tex. App.—Texarkana Mar. 23, 2018, no pet.) (mem. op.) (citing *Ex parte M.R.L.*, No. 10-11-00275-CV, 2012 WL 763139, at *3 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.); *see* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2017)). In pertinent part, the version of Article 55.01 applicable to this case provided:

> (a)    A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:

2

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

. . . .

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code . . . .

Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.23, 2015 Tex. Gen. Laws 2321, 2373–74 (current version at TEX. CODE CRIM. PROC. art. 55.01(a)(2)(A)(ii)).[1]

Before the trial court's July 16, 2018, order expunging records of the August 9, 2016, arrest, the DPS had filed an answer arguing that Atkinson could not expunge records of the arrest because it resulted in judgments of conviction in two other cases. The answer attached these judgments and further stated that the assault-causing-bodily-injury charge was only dismissed in exchange for Atkinson's plea of no contest to the two other charges.

On June 19, 2018, the trial court set the matter for a hearing and all parties agree that the trial court held a hearing on Atkinson's petition on July 16, 2018. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 1a(c) (West 2018). However, the court reporter had informed this Court that no reporter's record was available from the expunction hearing. On appeal, the DPS argues that the

---

[1]"The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply." *Tippens*, 2018 WL 1440462, at *1 n.2 (quoting *Ex parte M.G.*, No. 10-13-00021-CV, 2013 WL 3972225, at *1 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op.)).

evidence was legally insufficient to support the trial court's order of expunction and that the case must be reversed for lack of a reporter's record of the hearing.

## II.     A New Hearing Is Required

"The purpose of the expunction statute is to allow an individual who has been wrongfully arrested to expunge the records of that arrest." *Ex parte Ho*, No. 06-17-00120-CV, 2018 WL 2071392, at *1 (Tex. App.—Texarkana May 4, 2018, no pet.) (mem. op., not designated for publication) (quoting *Ex parte Myers*, 24 S.W.3d 477, 480 (Tex. App.—Texarkana 2000, no pet.); *see Tippens*, 2018 WL 1440462, at *2 (quoting *M.R.L.*, 2012 WL 763139, at *3). "[W]hen a defendant admits guilt as to an offense arising out of an arrest, by that admission, the defendant concedes that the arrest was not wrongful for purposes of the expunction statute." *Tippens*, 2018 WL 1440462, at *2 (quoting *M.R.L.*, 2012 WL 763139, at *3); *see Ho*, 2018 WL 2071392, at *2; *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) ("[T]he expunction law clearly was not 'intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.'") (quoting *Tex. Dep't of Pub. Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. Civ. App.—Texarkana 1981, no writ)). "The entry of a valid guilty plea has the effect of admitting all material facts alleged in the formal criminal charge." *Flores-Alonzo v. State*, 460 S.W.3d 197, 203 (Tex. App.—Texarkana 2015, no pet.) (quoting *Rohr v. State*, No. 08-12-00219-CR, 2014 WL 4438828, at *1 (Tex. App.—El Paso Sept. 10, 2014, no pet.)). "With one exception not applicable here, a plea of *nolo contendere* or 'no contest' has the same legal effect as a guilty plea." *Id*. (quoting *Rohr*, 2014 WL 4438828, at *1); *see* TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006).

4

"If expunction is not available for all charges stemming from an arrest, it is not available for any of them." *Ho*, 2018 WL 2071392, at *2 (quoting *Tex. Dep't of Pub. Safety v. A.M.*, No. 03-17-00114-CV, 2018 WL 1177601, at *2 (Tex. App.—Austin Mar. 7, 2018, no pet.) (mem. op.)). "When an arrest is not wrongful, removal and destruction of records relating to it harms the public's interest of using the records 'in subsequent punishment proceedings, including subsequent applications for probation.'" *Id.* (quoting *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.) (quoting *J.T.S.*, 807 S.W.2d at 574).

Although the attachments to the DPS' answer indicated that Atkinson may not have been entitled to expunge records from his August 9, 2016, arrest, "[w]ithout a reporter's record, we cannot know what evidence, if any, was introduced at the hearing." *Id.* at *3 (quoting *Tippens*, 2018 WL 1440462, at *3). "We also cannot take as true the allegations in the DPS' answer." *Id.* (quoting *Tippens*, 2018 WL 1440462, at *3). Here, "because DPS has complained of the absence of a reporter's record, the trial court's order must be reversed, and the cause must be remanded for a new hearing." *Id.* (quoting *Tippens*, 2018 WL 1440462, at *3). We sustain the DPS' point of error complaining of the lack of a reporter's record.

## III.    Conclusion

We reverse the trial court's order of expunction and remand the matter for a new hearing.

Bailey C. Moseley
Justice

Date Submitted:    November 9, 2018
Date Decided:    November 12, 2018

5