

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

Nos. 04-20-00100-CV

**EX PARTE J.P.**

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2019W1790
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Concurring Opinion by: Liza A. Rodriguez, Justice (joined by Rebeca C. Martinez, Chief Justice)

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: June 22, 2022

Although I agree with the majority opinion, I write separately to highlight certain language used by the Texas Supreme Court in *Ex parte K.T.*, No. 20-0977, 2022 WL 1510329 (Tex. May 13, 2022). The court begins its opinion by noting that, in order to block an expunction based on an acquittal, the State must show two things: (1) the existence of a criminal episode based on "commission of two . . . offenses;" and (2) the prior conviction and later arrest resulting in an acquittal are part of the same criminal episode, "even when the underlying events have no other relation to each other." *Id.* at *1. With respect to the first prong, the court held that, for purposes of determining whether a person with one prior DWI conviction qualifies for expunction of a subsequent DWI arrest following an acquittal, the subsequent "acquittal cannot qualify as the 'commission' of an offense" and "[w]ith only one 'commission,' … there can be no 'criminal

episode'" for purposes of article 55.01(c)'s exception to expunction based on an acquittal.  *Id.* at *1-3 (discussing formation of a criminal episode); *see* TEX. CODE CRIM. PROC. ANN. art. 55.01(c) (incorporating Penal Code section 3.01's definition of criminal episode); *see also* TEX. PENAL CODE ANN. § 3.01 (defining a "criminal episode").  The court affirmed the trial courts' judgments granting the expunctions on that ground, and expressly declined to resolve the second issue, which it "reserve[d] for a future case."  *Id.* at *1.

The Supreme Court continued on, however, to discuss the question raised by the second issue, whether the State could show that the "two DWI offenses, separated by over three years, are sufficiently linked to form a common 'criminal episode' under Penal Code § 3.01(2)," defining a criminal episode as "the commission of two or more offenses" when "the offenses are the repeated commission of the same or similar offenses."  *Id.* at *7.  Although the court declined to resolve the question, it stated that, "even if we had held that the DWI acquittal *could* qualify as the 'commission' of an offense, a 'criminal episode' would still not exist ***if the original conviction and the subsequent acquittal were insufficiently linked*** to qualify as 'the repeated commission' of DWI."  *Id.* (emphasis added).  This particular language included by the Supreme Court suggests that a link must exist between the two offenses under section 3.01(2); however, by adopting the Penal Code definition of "criminal episode" as part of the expunction statute, the legislature did not appear to require such a nexus.  The Supreme Court's language raises the question whether the legislature intended the exception in article 55.01(c) to require such a link between the two offenses.

Under the Code of Criminal Procedure, a person is *entitled* to the expunction of arrest records when later acquitted:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the person is tried for the offense for which

the person was arrested and is acquitted by the trial court, except as provided by Subsection (c) ….

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A).

Although there are exceptions which preclude expunction even after an acquittal, the expunction statute exists to protect persons from wrongful arrests. *Harris County District Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). An interpretation which determines that a prior DWI conviction was part of a "criminal episode" without any nexus with a subsequent DWI arrest, and thus precludes a person from expunging a wrongful DWI arrest, seems contrary to the legislative intent of protection from wrongful arrests.

I echo Chief Justice Martinez's concurring opinion in *Ex parte J.A.B.*, and respectfully encourage the legislature to reconsider its adoption of the Penal Code definition of "criminal episode" in article 55.01(c) and urge it to adopt a narrower definition that better reflects the remedial nature of the expunction statute. *See Ex Parte J.A.B.*, 592 S.W.3d 165, 170 (Tex. App.—San Antonio 2019, no pet.).

Liza A. Rodriguez, Justice