# NO. 12-12-00072-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS DEPARTMENT OF PUBLIC SAFETY,* *APPELLANT* | *§* | *APPEAL FROM THE THIRD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *CHAREE CRAWFORD,* *APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

The Texas Department of Public Safety (DPS) appeals the trial court's order granting an expunction for Charee Crawford's theft arrest for which she received deferred adjudication community supervision. In one issue, DPS contends there is legally insufficient evidence to support the trial court's order. We reverse and render.

### BACKGROUND

On January 22, 1993, Charee Crawford was placed on deferred adjudication community supervision for a period of five years for the felony offense of theft. On June 10, 2011, Crawford filed her petition for expunction. DPS filed a general denial, but did not appear at the hearing.[1] The trial court granted the expunction and signed the order on September 1, 2011. DPS filed a restricted appeal with this court.

---

[1] At the hearing, the district attorney noted that amendments to Article 55.01 were to take effect on September 1, 2011. As a result, the trial court signed the order of expunction on September 1, 2011. The legislative amendments, however, did not make Crawford eligible for an expunction once they became effective. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2012).

In its sole issue, DPS argues that Crawford was not entitled to an expunction of records relating to her theft arrest because she received deferred adjudication community supervision as a result of that arrest. Therefore, DPS contends, the evidence is legally insufficient to support the trial court's expunction order.

## Standard of Review

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Tex. Dep't of Pub. Safety v. Smith*, No. 12-12-00155-CV, 2012 WL 6674424, at *1 (Tex. App.—Tyler Dec. 20, 2012, no pet.) (mem. op.). The absence of legally sufficient evidence is reviewable in a restricted appeal. *Norman Commc'ns*, 955 S.W.2d at 270; *Smith*, 2012 WL 6674424, at *1.

## Applicable Law

An expunction proceeding is civil rather than criminal in nature, and the right to an expunction is a statutory privilege. *See Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). A person is not entitled to an expunction if she was placed on "court ordered community supervision" under Article 42.12 of the Texas Code of Criminal Procedure, which includes deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2012); *see also Smith*, 2012 WL 6674424, at *2. The trial court must strictly comply with the statutory requirements, and has no equitable power to expand the remedy's availability beyond what the legislature has provided. *See Harris Cnty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Smith*, 2012 WL 6674424, at *1. Conversely, if the petitioner demonstrates that she has satisfied each of the requirements under Article 55.01(a), the trial court has a mandatory duty to grant the expunction petition. *See Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 648 (Tex. App.—Austin 2002, pet. denied); *Smith*, 2012 WL 6674424, at *1.

The purpose of Article 55.01 is to allow wrongfully arrested individuals to clear their record, and conversely, to not allow expunction of arrest and court records relating to an arrest for an offense to which a person pleads guilty and receives community supervision pursuant to a guilty plea. *See Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Smith*, 2012 WL 6674424, at *2.

Assertions of fact in the party's live pleadings, not pleaded in the alternative, are regarded as formal judicial admissions. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). If the admissions are clear, deliberate, and unequivocal, they are conclusive upon the party making them. *Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996); *Smith*, 2012 WL 6674424, at *2.

Additionally, a party's testimonial declarations can be treated as conclusive judicial admissions if (1) the declaration was made during a judicial proceeding, (2) the declaration is contrary to a fact that is essential to the testifying person's claim or defense, (3) the declaration was deliberate, clear, and unequivocal, (4) allowing the declaration to have conclusive effect would be consistent with the public policy of the claim or defense, and (5) the declaration is not destructive to the other party's claim. *See Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980); *Smith*, 2012 WL 6674424, at *2.

**Discussion**

Crawford alleged in her petition that she was "placed on [d]eferred [a]djudication for 5 years" for the theft arrest. At the hearing, the trial court stated to Crawford, "You were on probation. Did they release you from probation?" Crawford responded, "Yes, sir." Crawford also alleged in her petition that she was "acquitted in this cause on September 1, 1998." But Petitioner's Exhibit 1 shows that on September 1, 1998, the court granted the State's motion to dismiss its motion to proceed with an adjudication of guilt, not that Crawford was "acquitted" of the offense. In viewing Crawford's petition together with Exhibit 1, we conclude that Crawford made clear, deliberate, and unequivocal assertions that she was placed on deferred adjudication for the theft arrest. These statements, which were made in her live pleadings and during a judicial proceeding, were contrary to her claim that she was entitled to an expunction. To hold that these statements conclusively establish Crawford was placed on deferred adjudication community supervision is consistent with the public policy of expunctions, which is, as we have

3

stated, to prevent those who have pleaded guilty and received deferred adjudication community supervision from expunging the offense. *See J.T.S.*, 807 S.W.2d at 574.

Crawford was required to show her entitlement to an expunction by legally sufficient evidence, but the record contains a complete absence of any evidence establishing that right. To the contrary, Crawford's admissions conclusively establish that she served a term of deferred adjudication for the offense she sought to expunge. Thus, Crawford failed to meet the requirements of Article 55.01(a)(2), and the evidence is legally insufficient to support the trial court's finding. *See In re S.D.*, 349 S.W.3d 76, 79 (Tex. App.—El Paso 2010, no pet.) (stating that although expunction is normally subject to abuse of discretion standard of review, legally sufficient standard of review is appropriate when appellant argues that there is lack of evidence to support an order of expunction). As a matter of law, Crawford was not entitled to relief. Accordingly, the trial court erred in ordering an expunction of her theft arrest.

The record shows that DPS filed its notice of restricted appeal within six months of the expunction order, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's order, and did not file any postjudgment motions or requests for findings of fact and conclusions of law. Also, we have concluded that error is apparent on the face of the record. Therefore, DPS is entitled to prevail in this restricted appeal. We sustain DPS's sole issue.

## DISPOSITION

We *reverse* the trial court's judgment granting the expunction of Crawford's theft arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to Crawford be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

SAM GRIFFITH
Justice

Opinion delivered February 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### FEBRUARY 28, 2013

### NO. 12-12-00072-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**
Appellant
V.
**CHAREE CRAWFORD,**
Appellee

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 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)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment as entered by the trial court below and that the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court in favor of Appellee, **CHAREE CRAWFORD**, be, and the same is, hereby **reversed** and judgment is **rendered** in favor of Appellant**, TEXAS DEPARTMENT OF PUBLIC SAFETY**. All costs of this appeal are adjudged against the Appellee, **CHAREE CRAWFORD**, for which let execution issue; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

5