**In the Matter of the EXPUNCTION OF D.G.**

No. 08–08–00264–CV.

Court of Appeals of Texas, El Paso.

Feb. 24, 2010.

Daniel Ordonez, Assistant County Attorney, El Paso, TX, for Appellant.

Joe A. Spencer, Jr., El Paso, TX, for Appellee.

Before CHEW, C.J., McCLURE, and RIVERA, JJ.

### *OPINION*

GUADALUPE RIVERA, Justice.

Appellant, the El Paso County Attorney's Office, appeals from an expunction order concerning files and records relating to appellee, D.G. In its sole issue, the County Attorney contends that the trial court erred by granting the expunction when the statute of limitations for the offense had not expired. We reverse.

## BACKGROUND

Upon learning that he was being investigated for a sexual-assault offense alleged to have occurred on February 5, 2007, D.G. retained an attorney and provided documentation to the police, who never initiated contact with D.G., that seemingly showed that any sex with the victim was consensual. The detective "issued" the case as a nonarrest and forwarded the information to the District Attorney. The District Attorney subsequently declined the case. Accordingly, on May 22, 2008, D.G. filed a petition to expunge the "charge," contending that an information against him was dismissed, he was released from custody, and any charges against him were no longer pending.

However, at the expunction hearing, D.G. testified that he was never arrested on this case, nor was an indictment presented against him. Nevertheless, D.G. argued that he was entitled to expunction since the case was dismissed for lack of probable cause. The County Attorney, however, argued that the statute of limitations had not expired. After noting that the State was hesitant to bring charges against D.G., the trial court found no probable cause and granted the expunction.

## DISCUSSION

On appeal, the County Attorney contends that the trial court abused its discretion by granting D.G.'s petition for expunction when the limitations period for the offense had not expired.[1] We agree.

### Standard of Review

■ We review a trial court's order granting an expunction under an abuse-of-discretion standard. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex.App.-Houston [14th Dist.] 2008, no

pet.); *Bargas v. State*, 164 S.W.3d 763, 770 (Tex.App.-Corpus Christi 2005, no pet.); *Ex parte Jackson*, 132 S.W.3d 713, 715 (Tex.App.-Dallas 2004, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex.App.-Austin 2002, pet. denied); *Ex parte Guajardo*, 70 S.W.3d 202, 204 (Tex.App.-San Antonio 2001, no pet.); *In re Expunction of Jones*, 311 S.W.3d 502, 505 (Tex.App.-El Paso 2009, no pet.) (not yet reported). Pursuant to article 55.01 of the Texas Code of Criminal Procedure, "[a] person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged" if the person meets certain statutory requirements. Tex.Code Crim. Proc. Ann. art. 55.01(a) (Vernon Supp.2009). Those statutory requirements include that:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of · mistake, false information, or other similar reason indicating absence of

---

1. D.G. did not file a brief in response.

probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. ART. 55.01(a)(2)(A)(C).

■■■■ Each provision of article 55.01(a)(2) is "mandatory and exclusive, and a person is entitled to expunction only when all of the conditions have been met." *Tex. Dep't of Pub. Safety v. Wallace*, 63 S.W.3d 805, 806 (Tex.App.-Austin 2001, no pet.) (citing *Harris County Dist. Atty's Office v. Burns*, 825 S.W.2d 198, 202 (Tex. App.-Houston [14th Dist.] 1992, writ denied)); *In re E.R.W.*, 281 S.W.3d 572, 573 (Tex.App.-El Paso 2008, pet. denied). Moreover, because an expunction proceeding is civil rather than criminal, the petitioner bears the burden of proving compliance with the statute. *In re E.R.W.*, 281 S.W.3d at 573; *Collin County Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 627 (Tex.App.-Dallas 2005, no pet.); *Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 457 (Tex.App.-Houston [1st Dist.] 1994, no writ). Accordingly, courts have no inherent or equitable power to expunge criminal records. *Tex. Dep't of Pub. Safety v. Woods*, 68 S.W.3d 179, 182 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Rather, they must strictly comply with the statutory requirements for expunction. *State v. Echeverry*, 267 S.W.3d 423, 425 (Tex.App.-Corpus Christi 2008, pet. denied); *Dobson*, 167 S.W.3d at 626;

*In re Expunction of Jones*, 311 S.W.3d at 504.

### Application

Here, D.G. sought expunction based on lack of probable cause, apparently invoking subsection (ii), that is, that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating a lack of probable cause. *See* TEX.CODE CRIM. PROC. ANN. ART. 55.01(a)(2)(A)(ii). However, presentment of an information or indictment was never made; therefore, the trial court could not have granted the expunction based on subsection (ii). *See Dobson*, 167 S.W.3d at 627; *State v. Bhat*, 127 S.W.3d 435, 436 (Tex.App.-Dallas 2004, no pet.) (cases concluding that because there had been no presentation of an indictment or information, subsection (ii) was inapplicable and that petitioner was required to prove that the statute of limitations for the offense for which he was arrested had expired before the date he filed his petition).

■■■■ Because D.G. was not entitled to an expunction pursuant to subsection (ii), he was required under subsection (i) to show that the statute of limitations had expired before the date of the petition for expunction. *See State v. Beam*, 226 S.W.3d 392, 395 (Tex.2007) (when no felony indictment or information was presented, petitioner was required to show that the statute of limitations for the offense expired); *Heine*, 92 S.W.3d at 646 n. 4 ("[I]n cases where an information or indictment was not presented, the petitioner must now prove that the limitations period for the offense expired before the filing of the petition for expunction."). D.G. was investigated for a sexual assault that allegedly occurred on February 5, 2007. The statute of limitations for that offense is ten years from the date of

commission. *See* Tex.Code Crim. Proc. Ann. art. 12.01(2)(E) (Vernon Supp.2009); Tex. Penal Code Ann. § 22.011(a)(1), (f) (Vernon Supp.2009). D.G. filed his petition for expunction on May 22, 2008. Clearly, the limitations period had not expired before the date on which D.G. filed his expunction petition. Therefore, because D.G. has not proven that all the statutory requirements have been satisfied, he is not entitled to an expunction of records related to the sexual-assault investigation.[2] The County Attorney's sole issue is sustained.

### CONCLUSION

Accordingly, we reverse the trial court's judgment and render judgment denying the expunction.

---

2. The County Attorney does not contest that D.G. was arrested within the meaning of the expunction statute; therefore, we need not decide this issue. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(1) (stating that only persons "who [have] been placed under a custodial or noncustodial arrest" are entitled to have all records and files relating to the arrest expunged); *Harris County Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 570 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (finding petitioner not entitled to expunction when she was never arrested or detained by the police); *Carson v. State*, 65 S.W.3d 774, 780–84 (Tex.App.-Fort Worth 2001, no pet.) (holding that although petitioner was never physically arrested, he submitted to authority by appearing in court in response to a citation, and therefore, he met the arrest requirement under the expunction statute); *Ex parte S.C.*, 305 S.W.3d 258, 263–65 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (determining that petitioner was not entitled to expunction of investigative files of offenses for which petitioner was not arrested for).