**In the Matter of the Expunction of I.V.**

No. 08–12–00002–CV.

Court of Appeals of Texas, El Paso.

Nov. 22, 2013.

J.W. Johnson, San Angelo, for I.V.

Laurie K. English, Fort Stockton, for The State of Texas.

Before McCLURE, C.J., RIVERA, and RODRIGUEZ, JJ.

***OPINION***

GUADALUPE RIVERA, Justice.

Appellant, I.V., appeals the trial court's order denying his petition to expunge records in connection with his arrest for possession of child pornography and aggravated sexual assault. We affirm.

## BACKGROUND

I.V. was arrested in July 2009, and charged by indictment with continuous sexual abuse of a child. The State later moved to dismiss that criminal action stating that it intended to re-indict. I.V. was later re-indicted on four counts of possession of child pornography, two counts of sexual performance by child, and four counts of indecency with a child. A jury trial was commenced on those charges on July 25, 2011.

After six days of trial, the trial court conducted *in camera* examinations of the individual jurors because the victim's mother, one of the State's primary witnesses, engaged in improper communications with a juror.[1] The trial court excused the juror and an alternate juror took her place. Immediately after the juror was excused, the State's prosecuting attorney approached the bench and stated: "[i]n light of recent events and in light of the fact that my case hinges on the credibility [of the victim's mother], I find myself with no option but to file a motion to dismiss at this time because of the mother's actions." I.V. stated that he had no objection and the trial court granted the State's motion to dismiss.[2]

On September 9, 2011, I.V. filed a petition for the expunction alleging that he was entitled to an expunction under Article 55.01(a)(2) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West 2006). He further asserted that because the dismissal occurred after a jury was empaneled and jeopardy had attached, the dismissal had the effect of an acquittal. Similarly, in an amended memorandum in support of his petition and at the expunction hearing, I.V. argued he was entitled to an expunction under Article 55.01(a)(1)(A) because the trial court's dismissal was the functional equivalent of an acquittal. *Id.* art. 55.01(a)(1)(A). After the trial court reviewed the petition, the memoranda provided by both parties, and heard arguments and evidence, it denied I.V.'s petition for expunction. This appeal followed.

## DISCUSSION

In a single issue on appeal, I.V. contends the trial court abused its discretion in denying his petition for expunction. Specifically, I.V. argues he is entitled to an expunction because he was indicted, tried, and acquitted.

### *Standard of Review*

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *In re C.F.P.*, 388 S.W.3d 326, 328 (Tex.App.-El Paso 2012, no pet.); *In re D.R.R.*, 322 S.W.3d 771, 772–73 (Tex.App.-El Paso 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. *In re C.F.P.*, 388 S.W.3d at 328. A trial court may also abuse its

---

1. The victim's mother went to the home of one of the jurors after the jury had been released for the weekend and discussed the trial and aspects of the case with the juror.

2. The trial court signed an order dismissing the case on August 31, 2010.

discretion if it fails to analyze or apply the law correctly. *In re Columbia Med. Ctr.*, 306 S.W.3d 246, 248 (Tex.2010) (orig. proceeding).

## EXPUNCTION

 The right to an expunction is a statutory right. *In re E.R.W.*, 281 S.W.3d 572, 573 (Tex.App.-El Paso 2008, pet. denied). Pursuant to Article 55.01 of the Texas Code of Criminal Procedure a person is entitled to have all records and files relating to an arrest expunged if certain statutory requirements are satisfied. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a) (West 2006); *In re E.R.W.*, 281 S.W.3d at 573. In a statutory cause of action, all provisions are mandatory and exclusive and a person is entitled to an expunction only when all of the conditions have been met. *In re Expunction of A.R.*, 225 S.W.3d 643, 646 (Tex.App.-El Paso 2006, no pet.). Moreover, because an expunction proceeding is civil rather than criminal, the petitioner bears the burden of establishing that the statutory requirements have been met. *In re Expunction of D.G.*, 310 S.W.3d 465, 467 (Tex.App.-El Paso 2010, no pet.). Accordingly, courts have no inherent authority or equitable power to expunge criminal records. *Id.* Rather, they must strictly comply with the statutory requirements for expunction. *Id.*

I.V. sought expunction pursuant to Article 55.01(a) of the Code of Criminal Procedure, which in relevant part provides that a person who has been arrested for commission of either a felony or a misdemeanor can obtain an expunction of his records and files related to the arrest if:

> (1) the person is tried for the offense for which the person was arrested and is:
>
> (A) acquitted by the trial court, except as provided by Subsection (c); or
>
> . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

. . .

> (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information it was void....

TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (West 2006)

### Expunction under Article 55.01(a)(2) of the Code of Criminal Procedure

 I.V. asserted he was entitled to an expunction under Article 55.01(a)(2) "because an indictment or information was presented, but the same was subsequently dismissed ... because it became apparent that the victim was lying, thereby indicat-

ing a lack of probable cause at the time of the dismissal." Thus, to be entitled to expunction under Article 55.01(a)(2), I.V. had to prove that: (1) he had been released and the charge, if any, had not resulted in a final conviction and was no longer pending; (2) there was no court-ordered community supervision under article 42.12 for the offense; (3) an indictment or information charging him with the commission of any felony offense arising out of the same transaction for which he was arrested, was dismissed or quashed; and (4) the trial court found that the indictment or information was dismissed or quashed because of mistake, false information, or some other reason indicating absence of probable cause at the time of the dismissal to believe he committed the offense. *Id.* art. 55.01(a)(2).

Initially, we note that I.V. did not attach any exhibits in support of his petition for expunction. I.V. later filed a memorandum in support of his petition and attached a copy of the indictment, a copy of the State's corresponding motion to dismiss, and the order dismissing that charge. The State's motion to dismiss contains a check on the preprinted box titled "Other" and indicates that the State intended to re-indict I.V.

At the expunction hearing, I.V. called Roy Sutton, the Crockett County Sheriff, and Laurie English, the District Attorney for the 112th Judicial District, as witnesses. Sheriff Sutton testified that he was present when I.V. was arrested. Sutton was subpoenaed by I.V. to produce I.V.'s arrest records which were admitted into evidence. English testified that I.V. was indicted on September 20, 2010, for possession of child pornography, sexual performance by a child, and indecency with a child. English agreed that after six days of trial, the State moved to dismiss the case.

■ According to English, she dismissed the case because she felt that the victim's mother, who was a key witness, had compromised the case by visiting a juror over a weekend break from trial. English testified the State depended on the victim's mother's testimony as to the source of photographs found on a camera, and when the victim's mother did something she was specifically instructed not to do, English lost faith in the victim's mother's ability to tell and maintain the truth. English stated that the incident with the victim's mother did not raise a question in her mind as to the probable cause based on the victim's statements. English did not believe the presentment of the indictment against I.V. was based on mistake, false information, or that there was an absence of probable cause to have presented the case. Contrary to I.V.'s assertions, she further stated that she did not question the victim's truthfulness.

The motion to dismiss clearly reflects that the State moved for a dismissal due to the victim's mother's improper contact with a juror. Nothing in the record indicates the trial court found the indictment or information was dismissed or quashed because of mistake, false information, or some other reason indicating absence of probable cause or because the indictment was void. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii) (West 2006). We conclude that I.V. failed to meet his burden of proving he is entitled to expunction under Article 55.01(a)(2). *In re Expunction of C.V.*, 214 S.W.3d 43, 44 (Tex.App.-El Paso 2006, no pet.) (to be entitled to expunction, petitioner has burden of proving that all statutory requirements have been met).

### Expunction under Article 55.01(a)(1)(A) of the Code of Criminal Procedure

I.V. contends that law governing civil cases, also governs expunction proceedings; thus, once the case was dismissed after the jury was empaneled and jeopardy attached, he was entitled to an expunction because the dismissal operated functionally as an acquittal. The State responds that Appellant is not entitled to an expunction under Article 55.01(a)(1)(A) "[b]ecause a dismissal is a ruling which is not based on a conclusion that the government failed to produce sufficient evidence to establish guilt, it is not an acquittal." We agree with the State.

■■■■■■ "A defendant is acquitted when 'the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.'" *State v. Moreno*, 294 S.W.3d 594, 598 (Tex.Crim.App.2009) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)). In contrast, a dismissal does not involve a final determination of guilt or innocence. *Moreno*, 294 S.W.3d at 598. Here, the case was not dismissed due to reasons of insufficient evidence and did not involve a final determination of guilt or innocence. We observe that on the preprinted motion to dismiss the State checked the box "Other" and noted, "[a]lthough instructed not to do so, ... mother of the victim, contacted a Juror during the trial of this case over the weekend break. During the contact with the juror, the trial and aspects of the case were discussed by [the victim's mother] and the Juror." District Attorney English explained the reason for the dismissal was that she lost faith in the victim's mother's ability to tell and maintain the truth. We conclude that the State's motion to dismiss

did not constitute an acquittal. *See Moreno*, 294 S.W.3d at 598.

■■■ Even assuming the dismissal was the equivalent of an acquittal, which is an authorized ground for expunction, under Article 55.01(a)(1)(A) the court may not order an expunction, even if a person was subsequently acquitted, if the offense arose out of a criminal episode, as defined by Section 3.01 of the Penal Code, and person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode. Tex.Code Crim. Proc. Ann. art. 55.01(a)(1)(A) (West 2006). The State argues I.V. is not entitled to expunction because he remains subject to prosecution for at least one other offense occurring during the criminal episode.[3] We agree.

When asked if there were any other allegations that were not addressed during the course of trial, District Attorney English stated, "Yes." She explained that based on the victim's disclosure that I.V. had penetrated her, other charges could be brought at a future date. English explained, "Based upon what [the victim] told us during our trial prep, I believe there are other charges that could be brought against [I.V.], yes." Because the record reflects that I.V. potentially remains subject to prosecution for at least one other offense committed during the criminal episode, expunction is prohibited under Article 55.01(c). *Id.*; *Addicks v. State*, No. 03–06–00114–CV, 2007 WL 844872, at *2 (Tex. App.-Austin Mar. 21, 2007, no pet.) (mem. op., not designated for publication).

We conclude I.V. failed to satisfy his burden to show his entitlement to expunction under Article 55.01. *In re Expunc-*

---

**3.** I.V. does not dispute the State's contention and has failed to produce argument or evi- dence to the contrary.

*tion of D.G.,* 310 S.W.3d at 467. The trial court did not abuse its discretion in denying his petition for expunction. *See In re C.F.P.,* 388 S.W.3d at 328; *In re D.R.R.,* 322 S.W.3d at 772–73. Issue One is overruled.

**CONCLUSION**

The judgment of the trial court is affirmed.