**In the Matter of the Expunction of T.W.Y.**

**No. 08–12–00241–CV.**

Court of Appeals of Texas, El Paso.

July 30, 2014.

---

T.W.Y., pro se.

D. Kaylyn Betts, for Texas Department of Public Safety.

Before McCLURE, C.J., RIVERA, and RODRIGUEZ, JJ.

## OPINION

GUADALUPE RIVERA, Justice.

The Texas Department of Public Safety (DPS), appeals from an order expunging T.W.Y.'s records in connection with an arrest for the offense of terroristic threat. We reverse and render judgment denying the petition for expunction.

## BACKGROUND

T.W.Y. was arrested on January 15, 1981, and charged with the misdemeanor offense of terroristic threat. *See* TEX. PENAL CODE ANN. § 22.07 (West 2011). On January 19, 1981, after T.W.Y. pleaded guilty to the charged offense and waived a trial by jury, the trial court found T.W.Y. guilty of the offense of terroristic threat and assessed punishment at a $50 fine and 10 days' confinement in the county jail. However, after determining T.W.Y. met the requirements for misdemeanor probation, the trial court deferred adjudication and placed T.W.Y. on six months' probation. On April 2, 1981, the trial court entered an "Order Discharging Defendant from Misdemeanor Probation Under Article 42.13, Section 3d (a)" stating that T.W.Y. had satisfactorily complied with all the terms and conditions of his probation and that the best interests of T.W.Y. and of society would be served by discharging T.W.Y. from further probation. The order also contained the following language:

> It is, therefore, hereby ordered, adjudged and decreed that the proceedings entered against [T.W.Y.] in this case be hereby dismissed. A dismissal and discharge under this section is not deemed a conviction, and the arrest on this offense is hereby expunged.

On June 21, 2011, T.W.Y. filed a *pro se* "Petition to Clear Record," requesting an expunction of his arrest record for the terroristic threat offense. In his petition, T.W.Y. stated that he qualified to have his record cleared because the charges against him were dismissed by court order on April 2, 1981. DPS filed an answer generally denying T.W.Y.'s allegations and asserted T.W.Y. was not entitled to an expunction because he was convicted of the offense and served probation for the offense he sought to expunge. On January 19, 2012, after a hearing, the trial court granted T.W.Y.'s expunction request.[1] This restricted appeal followed. *See* Tex. R.App.P. 26.1(c) (notice of restricted appeal must be filed within six months after judgment or order is signed); Tex.R.App. P. 30.

## DISCUSSION

In a single issue on appeal, the DPS contends T.W.Y. failed to satisfy his burden of proving his entitlement to an expunction by legally sufficient evidence.[2] Specifically, DPS contends the trial court erred in granting the expunction because T.W.Y. served a term of probation for the offense he sought to expunge.

### *Standard of Review*

In a restricted appeal, we consider only the face of the record, but our scope of review is otherwise the same as an ordinary appeal. *Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890 (Tex. App.-Dallas 2013, no pet.). We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *In re C.F.P.*, 388 S.W.3d 326, 328 (Tex.App.-El Paso 2012, no pet.); *In re D.R.R.*, 322 S.W.3d 771, 772–73 (Tex.App.-

El Paso 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. *In re C.F.P.*, 388 S.W.3d at 328. A trial court may also abuse its discretion if it fails to analyze or apply the law correctly. *In re Columbia Med. Ctr.*, 306 S.W.3d 246, 248 (Tex.2010) (orig. proceeding).

### EXPUNCTION

The right to an expunction is a statutory right. *In re E.R.W.*, 281 S.W.3d 572, 573 (Tex.App.-El Paso 2008, pet. denied). Pursuant to Article 55.01 of the Texas Code of Criminal Procedure a person is entitled to an expunction only when all of the statutory conditions have been met. *In re Expunction of A.R.*, 225 S.W.3d 643, 646 (Tex.App.-El Paso 2006, no pet.). Moreover, because an expunction proceeding is civil rather than criminal, the petitioner bears the burden of establishing that the statutory requirements have been met. *In re Expunction of D.G.*, 310 S.W.3d 465, 467 (Tex.App.-El Paso 2010, no pet.). Accordingly, courts have no inherent authority or equitable power to expunge criminal records. *Id.* Rather, they must strictly comply with the statutory requirements for expunction. *Id.*

The Department argues T.W.Y. is not entitled to an expunction under Article 55.01(a)(2) of the Texas Code of Criminal Procedure because he received and served probation for the charged offense. Pursuant to the current version of the expunction statute, when a petitioner, like T.W.Y., has neither been acquitted of the offense to be expunged, nor convicted and subsequently pardoned, he must demonstrate that "the person has been released and the

---

1. DPS was not present at the expunction hearing and did not file any post-judgment motions or requests for findings of fact and conclusions of law.

2. Appellee did not file a responsive brief to assist in the disposition of this appeal.

charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor...." Tex.Code Crim. Proc. Ann. art. 55.01(a)(2) (West 2006). In 1981, when T.W.Y. pleaded guilty, in pertinent part, Article 55.01 provided:

A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

...

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

See Act of June 13, 1979, 66th Leg., R.S., ch. 604, § 1, 1979 Tex. Gen. Laws 1333, amended by Act of June 15, 1989, 71st Leg., R.S., ch. 803, § 1, 1989 Tex. Gen. Laws 3666 (current version at Tex.Code Crim. Proc. Ann. art. 55.01 (West 2006)).

Prior to 1985, Article 42.12 was the probation law for felonies while Article 42.13 was the probation law for misdemeanors. Harris County Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 573 (Tex.1991). In 1985, Articles 42.12 and 42.13 were consolidated into an amended Article 42.12. See Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 3, 1985 Tex. Gen. Laws 1531, 1555 (Article 42.13 repealed); Id., § 1, 1985 Tex. Gen. Laws 1531, 1532 (provisions of Article 42.13 consolidated with Article 42.12); see also J.T.S., 807 S.W.2d at 573 n. 2. In J.T.S., the Supreme Court of Texas construed the expunction statute and explained that "[t]he provisions of the 1985 version of article 42.12 pertaining to deferred adjudication for misdemeanors are, with very minor changes, the same as the pre-repeal version of section 42.13." J.T.S., 807 S.W.2d at 574. Additionally, the Supreme Court noted that after the 1979 amendment, "the expunction law clearly was not 'intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.'" Id. (quoting Texas Dept. of Public Safety v. Failla, 619 S.W.2d 215, 217 (Tex.Civ.App.-Texarkana 1981, no writ)).

T.W.Y. had the burden of establishing that the statutory requirements have been met. In re Expunction of D.G., 310 S.W.3d at 467. On its face, the record clearly reflects that T.W.Y. pleaded guilty to the offense of terroristic threat, and that he was placed on court-ordered probation under Article 42.13 of the Code of Criminal Procedure. In his petition seeking an expunction, T.W.Y. refers to the trial court's 1981 order discharging him from misdemeanor probation as the basis for his request. That order establishes that T.W.Y. was discharged from misdemeanor probation because he met all the terms and conditions of his probation, and that the proceedings against him were dismissed. Thus, T.W.Y. failed to prove his charge did not result in court-ordered community supervision. Although the trial court's 1981 discharge order states that "the arrest on this offense is hereby expunged," the expunction law in effect at that time expressly provided that a person was not entitled to an expunction if he had been placed under court-ordered proba-

tion. *See* Acts 1979, 66th Leg., R.S., ch. 604, § 1, p. 1333.

Because T.W.Y. was placed on court-ordered probation, he was not entitled to an expunction. *See J.T.S.,* 807 S.W.2d at 572, 574; *State v. Donohue,* No. 01-01-00193-CV, 2002 WL 31319916, at *1, 2 (Tex.App.-Houston [1st Dist.] Oct. 17, 2002, no pet.) (op., not designated for publication) (in appeal governed by 1979 version of expunction statute, appellee, who was arrested for prostitution in 1985, was not entitled to expunction in 2000 because she had been placed under court-ordered supervision in 1985); *see also Tex. Dep't of Pub. Safety v. J.H.J.,* 274 S.W.3d 803, 808 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (concluding appellee did not satisfy requirements for expunction where *nunc pro tunc* discharge order recited appellee received court-ordered probation). Therefore, we conclude T.W.Y. failed to satisfy his burden establishing his entitlement to an expunction. *J.H.J.,* 274 S.W.3d at 806 (expunction statutory privilege and petitioner must show all statutory requirements have been satisfied). Accordingly, the trial court abused its discretion when it granted an expunction related to T.W.Y.'s arrest for the offense of terroristic threat. *In re C.F.P.,* 388 S.W.3d at 328; *In re D.R.R.,* 322 S.W.3d at 772–73. Issue One is sustained.

### CONCLUSION

We reverse the trial court's order of expunction and render judgment denying T.W.Y.'s petition for expunction.