IN the Matter of the EXPUNCTION
OF R.H.

No. 08-15-00288-CV

Court of Appeals of Texas,
El Paso.

September 28, 2016

David E. Hilles, for R.H.

Ruben Duarte, for El Paso County Sheriff's Office, El Paso County Attorney's Office, El Paso County Clerk's Office, District Attorney's Office, District Clerk's Office, Records Management and Archives, West Texas Community Supervision and Corrections Department, et al.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice

El Paso County appeals an order expunging all files and records relating to the arrest of R.H. *See generally* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(West Supp. 2016). We reverse and render judgment denying the petition for expunction.

## FACTUAL SUMMARY

 In 2008, R.H. was arrested and later indicted for two counts of aggravated assault with a deadly weapon. On June 12, 2013, at the request of the District Attorney's Office, the trial court dismissed the charges for aggravated assault with a deadly weapon. On June 24, 2015, R.H. filed his petition for expunction seeking to have the aggravated assault with a deadly weapon charges expunged. In his petition, he alleged that he met the statutory requirements because his charges were dismissed due to a lack of probable cause.[1] At the hearing, R.H. testified that he and the

---

1. We remain mindful that allegations in a petition seeking expunction are not evidence.

*Ex parte Guajardo,* 70 S.W.3d 202, 206 (Tex. App.–San Antonio 2001, no pet.).

State entered into a plea agreement in which he pled guilty to nine counts of criminal mischief in exchange for the State's dismissal of the two counts of aggravated assault with a deadly weapon. On cross-examination, R.H. acknowledged that the motion to dismiss was granted because he pled guilty to the nine counts of criminal mischief and not because there was insufficient evidence or a lack of probable cause. The trial court granted the petition. This appeal follows.

## EXPUNCTION

In its sole issue on appeal, the County contends that the trial court erred in granting R.H.'s petition for expunction because the aggravated assault with a deadly weapon charges were dismissed as a result of a plea bargain with the State and not because the indictment was based upon mistake, false information, or other reason indicating absence of probable cause, as required under the Texas Code of Criminal Procedure. We agree.

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *In re C.F.P.*, 388 S.W.3d 326, 328 (Tex.App.–El Paso 2012, no pet.); *In the Matter of the Expunction of D.R.R.*, 322 S.W.3d 771, 772–73 (Tex.App.–El Paso 2010, no pet.). Where, as here, the petitioner alleges that he is entitled to an expunction under Article 55.01(a), the trial court has no discretion but to grant the petition if the statutory conditions are satisfied. *In re J.O.*, 353 S.W.3d 291, 293 (Tex.App.–El Paso 2011, no pet.). A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements. *Travis County Dist. Attorney v. M.M.*, 354 S.W.3d 920, 929 (Tex.App.–Austin 2011, no pet.); *Texas Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 281 (Tex.App.–Corpus Christi 2007, no pet.).

However, we review a trial court's interpretation or application of expunction statutes *de novo. T.C.R. v. Bell Cty. Dist. Attorney's Office*, 305 S.W.3d 661, 668–69 (Tex.App.–Austin 2009, no pet.). "When . . . the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment." *S.J. v. State*, 438 S.W.3d 838, 841 (Tex.App.–Fort Worth 2014, no pet.), *citing Murray v. Murray*, 276 S.W.3d 138, 143 (Tex.App.–Fort Worth 2008, pet. dism'd)(citation omitted). "We must then affirm the judgment of the trial court on any legal theory that finds support in the evidence." *Id.*

The purpose of an expunction statute is to permit the expunction of records of wrongful arrests. *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 926 (Tex.App.–Austin 2011, no pet.). If an applicant who has been arrested for the commission of an offense meets all the requirements of Article 55.01 of the Texas Code of Criminal Procedure, then all information about the arrest is removed from the State's records. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex.App.–Austin 2010, no pet.). A petitioner's right to expunction is purely a matter of statutory privilege. *Id.* While the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature rather than criminal, *In re R.R.*, 342 S.W.3d 126, 129 (Tex.App.–El Paso 2011, no pet.), and the petitioner bears the burden of showing that all of the statutory requirements have been met. *Nail*, 205 S.W.3d at 675; *In re I.V.*, 415 S.W.3d 926, 929 (Tex.App.–El Paso 2013, no pet.)(explaining that in statutory cause of action,

all provisions are mandatory and exclusive).

Article 55.01(a) of the expunction statute provides in relevant part:

A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

. . .

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void[.]

TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(ii).

Relying on Article 55.01, the County argues that R.H. is not entitled to have his records expunged because the dismissal was granted pursuant to an agreement and not on the merits of the aggravated assault charges nor on the absence of probable cause. The County cites no authority, and we have found none, holding that expunction is not permitted from dismissal of an indictment pursuant to a plea agreement on another charge.[2] Nevertheless, given

2. A similar set of facts exists in *Retzlaff v. Bell County Dist. Attorney's Office*, No. 03–98–00581–CV, 1999 WL 958964, at *5 (Tex.App.–Austin Oct. 21, 1999, no pet.)(not designated for publication), however, we initially acknowledge that this case occurred over fifteen years ago and before the statute underwent the revisions it now contains. In *Retzlaff*, Retzlaff requested that the district court expunge the records and files in three felony causes against him numbered: (1) 47,563, sexual assault; (2) 47,206, illegal knife on school premises; and (3) 47,176, burglary of a habitation. *Id.* at *1. The State introduced into evidence certified copies of the records associated with the three offenses which showed the following: (1) Cause 47,563, sexual assault: This cause was dismissed in the "interest of judicial economy in conjunction with [a] plea agreement in another case;" (2) Cause 47,-206, illegal knife on school premises: Retzlaff

pleaded guilty and was assessed punishment of eight years in prison and a $5000 fine; he received ten years deferred adjudication community supervision; he violated the terms, whereupon the court revoked the community supervision and sentenced him to prison; (3) Cause 47,176, burglary of a habitation: The cause was dismissed because Retzlaff pleaded guilty in cause 47,206, illegal knife on school premises, wherein the plea agreement provided that "the State shall dismiss the indicted burglary of a habitation case currently pending against [Retzlaff] after he is sentenced in [cause 47,206] and shall not prosecute [cause 47,206] if [Retzlaff] does not violate his community supervision if granted by this court." In its response, the State asserted that Retzlaff was not entitled to mandatory expunction because he could not meet the condition that the causes were dismissed because of "mistake, false information, or other similar

the intent of the Legislature in limiting expunction after dismissal of a case to the situations provided in Article 55.01(a)(2), we are not authorized to expand the right to expunction to apply to dismissals resulting from plea agreements in other cases. *See Ex parte Lopez*, No. 07–03–0413–CV, 2004 WL 351135, at *1–2 (Tex.App.–Amarillo Feb. 25, 2004, pet. denied)(not designated for publication). Thus, the trial court abused its discretion in granting R.H.'s petition for expunction of criminal records relating to the aggravated assault charges. We sustain the sole point and reverse and render.

reason indicating absence of probable cause at the time of the dismissal to believe [Retzlaff] committed the offense or because it was void." *Id.* at *5; *see also* Tex.code Crim.Proc. Ann. art. 55.01(a)(2)(A)(ii). The Austin Court of Appeals agreed and concluded that there was nothing admitted into evidence indicating that either the burglary of a habitation cause or the sexual assault cause were dismissed because "the presentment [of the indictment] had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe that [Retzlaff] committed the offense or because it was void." *Id.* In fact, the court held that the State's evidence showed as a matter of law that it was not the reason for the dismissal and Retzlaff could not meet the statutory requirements in Article 55.01(a)(2)(A)(ii) because the dismissal had nothing to do with a lack of probable cause. Accordingly, the Austin court held that Retzlaff was not entitled to expunction of the record and files related to those causes. We agree with this analysis and find it applicable to the issue before us now.