**Opinion filed May 9, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00334-CV

_____

## IN THE MATTER OF THE EXPUNCTION OF J.L.M.

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CV53260**

### M E M O R A N D U M   O P I N I O N

J.L.M. appeals the trial court's denial of his pro se and *in forma pauperis* petition for expunction of records arising out of a dismissed charge against him for escape from custody. *See* TEX. PENAL CODE ANN. § 38.06 (West 2016). Appellant contends that the trial court abused its discretion when it denied his petition because the State dismissed the indictment for this offense. We affirm.

### *Background Facts*

While Appellant was being held in the Midland County Jail for the offense of manufacture or delivery of a controlled substance, he allegedly committed the offense of escape from custody on July 21, 2016. Appellant was later indicted for escape from custody. Pursuant to a subsequent plea agreement, Appellant pleaded

guilty to the offense of possession of a controlled substance. As a part of the plea agreement, the charge for escape from custody was dismissed. The motion to dismiss listed the reason for dismissal as: "The defendant was convicted in another case."

Less than a year later, Appellant filed a pro se petition for expunction of records arising out of his indictment and confinement for escape from custody. Appellant alleged that he was entitled to an expunction under Chapter 55 of the Texas Code of Criminal Procedure because the indictment was dismissed on October 14, 2016. *See* TEX. CODE CRIM. PROC. ANN. ch. 55 (West 2018).

The State filed an answer opposing Appellant's motion seeking expunction. The State asserted that the indictment was dismissed as a result of a plea agreement with the State and not because the indictment was based upon "mistake, false information, or any other similar reason indicating absence of probable cause" as required under the Texas Code of Criminal Procedure. The trial court denied Appellant's petition for expunction in a written order without holding a hearing on the matter. This pro se appeal followed.

*Analysis*

In a single issue, Appellant contends that the trial court abused its discretion when it denied his petition for expunction. Appellant asserts that he was entitled to an expunction based on the dismissal of the indictment for escape from custody. Appellant argues that Article 55.01 does not require any particular ground for dismissal to satisfy the requirement that the indictment has been dismissed. We disagree.

We review a trial court's ruling on a petition for expunction under the abuse of discretion standard. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018); *Rodriguez v. State*, 224 S.W.3d 783, 784 (Tex. App.—Eastland 2007, no pet.). "Under the abuse of discretion standard, appellate courts afford no deference to the

trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts." *T.S.N.*, 547 S.W.3d at 620 (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). "Thus, a trial court's legal conclusions are reviewed de novo." *Id.* (citing *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996)). As was the case in *T.S.N.*, the trial court's ruling on the expunction request hinged on a question of law because it required the interpretation of Article 55.01; therefore, it is subject to de novo review. *See id.* (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)).

"The purpose of an expunction statute is to permit the expunction of records of wrongful arrests." *In Expunction of R.H.*, 510 S.W.3d 143, 145 (Tex. App.—El Paso 2016, no pet.) (citing *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 926 (Tex. App.—Austin 2011, no pet.)). Article 55.01 of the Texas Code of Criminal Procedure contains the requirements for expunction of criminal records. "A person is not entitled to expunction until all of the statutory conditions are met." *T.S.N.*, 547 S.W.3d at 620 (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).

Appellant sought expunction pursuant to subsection (a)(2)(A)(ii) of Article 55.01. The version of Article 55.01 in effect both at the time of Appellant's offense and when he filed his application for expunction, provided as follows:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

. . . .

(ii) if [an indictment or information is] presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void.

Act of May 27, 2011, 82nd Leg., R.S., ch. 894, § 1, sec. 55.01, 2011 Tex. Gen. Laws 2275–76. Appellant asserts that the reason why a case is dismissed has no bearing on an expunction under Article 55.01. We disagree. By the express terms of the statute, the legislature intended to limit expunction after the dismissal of a case to only those situations provided in Article 55.01(a)(2). *In Expunction of R.H.*, 510 S.W.3d at 147.

The El Paso Court of Appeals addressed an analogous situation in *In Expunction of R.H.* The applicant in that case had two charges of aggravated assault with a deadly weapon dismissed as a part of a plea agreement wherein he pleaded guilty to nine counts of criminal mischief. *Id.* at 144–45. El Paso County asserted that the applicant was not entitled to expunction because the charges were dismissed as a result of a plea bargain with the State and not because the indictment was based

4

upon mistake, false information, or other reason indicating absence of probable cause, as required under the Texas Code of Criminal Procedure. *Id.* at 145. The El Paso Court of Appeals agreed with the County's contention based upon the express terms of Article 55.01(a)(2). *Id.* at 145–47; *see Tex. Dep't of Pub. Safety v. J.A.M.*, No. 01-16-00814-CV, 2017 WL 1629444, at *2–3 (Tex. App.—Houston [1st Dist.] May 2, 2017, no pet.) (mem. op.) (citing *In Expunction of R.H.* with approval); *Ex parte Lopez*, No. 07-03-0413-CV, 2004 WL 351135, at *1–2 (Tex. App.—Amarillo Feb. 25, 2004, pet. denied) (mem. op.) (dealing with an escape charge dismissed as a result of a plea agreement on another charge).

We agree with the reasoning of the El Paso Court of Appeals. Article 55.01(a)(2)(A)(ii) sets out the parameters for an expunction when a charge has been dismissed after the person has been indicted. As quoted above, the applicable version of Article 55.01(a)(2)(A)(ii) required a finding by the trial court:

> [T]hat the indictment or information was dismissed or quashed because . . . the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void.

*See* Act of May 27, 2011, 82nd Leg., R.S., ch. 894, § 1, sec. 55.01, 2011 Tex. Gen. Laws 2275–76. Because Appellant's charge for escape from custody was dismissed as a result of a plea agreement on another charge, the dismissal was not made because of one of the reasons listed in Article 55.01(a)(2)(A)(ii). Simply put, there was no evidence indicating that the indictment was dismissed because the indictment had been made because of mistake, false information, or other similar reason indicating absence of probable cause or that the indictment was void. Accordingly, Appellant was not entitled to an expunction under the subsection of Article 55.01 upon which he relied, and the trial court did not err by denying his petition. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

May 9, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.