**Opinion issued February 24, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00161-CV

———————————

## IN RE THE EXPUNCTION OF J.D.R.

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case No. 1653268

## DISSENTING OPINION

J.D.R. is entitled to an expunction of his arrest records. He was accused of an offense but acquitted by a jury, and so he is entitled to an expunction unless he "remains subject to prosecution for at least one other offense occurring during the [same] criminal episode." *See* TEX. CODE CRIM. PROC. art. 55.01(c).

When J.D.R. was acquitted, he filed a request for expunction, which the trial court granted. Only after the trial court granted the expunction did the State object,

claiming that J.D.R. fell within the exception to expunction; the State argued he remains subject to prosecution for another offense occurring during the same criminal episode because there was evidence presented during his trial that he committed another, similar offense. But the State has not made even a minimal showing that J.D.R. remains subject to prosecution for this other offense. The State should not be able to bar an acquitted person from receiving an expunction without any evidence that the person has pending charges against him or is even being investigated for additional charges.

Not only does the State argue that it can bar J.D.R.'s expunction without any proof that he remains subject to prosecution, but the State also argues that J.D.R. is by law required to prove that he is *not* subject to prosecution for any similar offense—a fact exclusively within the prosecutor's domain, at least until the prosecutor brings formal charges. No appellate court has reversed an expunction on the ground that an acquitted person remains subject to prosecution without evidence of pending charges against him or testimony from a prosecutor stating he is still being investigated for further charges.

I do not believe our court should be the first to hold that a petitioner for expunction is not entitled to receive that expunction based only on testimony given during a separate criminal proceeding. Without some evidence presented in the civil expunction proceeding that the petitioner *is* subject to prosecution for another similar

2

offense, he cannot prove that he is *not* subject to prosecution; to hold otherwise places an impossible burden of proof on the petitioner.

## DISCUSSION

*A. Expunction Statute*

The Code of Criminal Procedure allows a person who has been acquitted of an offense to expunge the records relating to the arrest. TEX. CODE CRIM. PROC. art. 55.01. The statute is designed to protect wrongfully accused people from inquiries about their arrests. *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014); *see also Ex parte S.C.*, 305 S.W.3d 258, 263 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (stating "statute was enacted to prevent the record of a wrongful arrest from negatively impacting a person for the remainder of his life"). Article 55.01 provides that a person is entitled to have all records and files relating to an arrest expunged if the person is tried for the offense and acquitted, unless the offense "arose out of a criminal episode" and the person "was convicted or remains subject to prosecution for at least one other offense occurring during the criminal episode." TEX. CODE CRIM. PROC. art. 55.01(a), (c). "Criminal episode" is defined as the "commission of two or more offenses" when the offenses are (1) "committed pursuant to the same transaction"; or (2) the "repeated commission of the same or similar offenses." TEX. PENAL CODE § 3.01. Generally, the person seeking expunction bears the burden of establishing that all of the statutory requirements are met. *See Tex. Dep't of Pub.*

3

*Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

## B. Standard of Review

A trial court's ruling on a petition for expunction is reviewed for abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Under the abuse of discretion standard, appellate courts afford no deference to the trial court's legal determinations because the trial court has no discretion in deciding what the law is or in applying it to the facts. *Id.* Thus, a trial court's legal conclusions are reviewed de novo. *Id.* When the trial court's ruling on the expunction request hinges on a question of law, such as the meaning of the exception in Article 55.01(c), it is subject to de novo review. *See id.*; *see also Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017) (stating that statutory interpretation is a question of law).

## C. Analysis

The State argues that J.D.R. is not entitled to expunction because he remains subject to prosecution for an offense that is the same as or similar to the offense for which he was acquitted. J.D.R. was tried for and acquitted of sexual assault of a child. *See* TEX. PENAL CODE § 22.011. There was also testimony presented at his criminal trial that J.D.R. engaged in sexual contact with a child. *See* TEX. PENAL CODE § 21.11. Because these two offenses are similar, the State argues they are part

of the same criminal episode, and so J.D.R. is not entitled to expunction because he remains subject to prosecution for another offense occurring during the same criminal episode and thus falls under the Article 55.01(c)exception to expunction.

I agree with the majority that the offense for which J.D.R. was acquitted and the offense described by the trial testimony are part of the same criminal episode, although for a different reason. The majority relies on *In re M.T.R.*, which held that a criminal episode for purposes of the expunction statute is any repeated commission of the same or similar offenses. 606 S.W.3d 288, 293–94 (Tex. App.—Houston [1st Dist.] 2020, no pet.). I do not agree with that interpretation of "criminal episode." Instead, I agree with the meaning the Dallas Court of Appeals proposed in *Ex parte Ferris* in an opinion authored by Justice Pedersen, which held that a criminal episode, when properly considered in context, is the repeated commission of the same or similar offenses that could be joined for prosecution and sentencing under Chapter 3, Penal Code. 613 S.W.3d 276, 284 (Tex. App.—Dallas 2020, pet. granted) (en banc). The two offenses alleged against J.D.R., sexual assault of a child and sexual contact with a child, could have been joined for prosecution in a single criminal action, and so they are part of the same criminal episode.

Still, the State contends that J.D.R. "remains subject to prosecution" for the offense of sexual contact with a child, and thus he is ineligible for expunction, because of testimony given during his criminal trial. *See* TEX. CODE CRIM. PROC.

5

art. 55.01(c). While there was testimony that he committed the offense, the State has presented no evidence that J.D.R. remains subject to prosecution for it. The State has not charged J.D.R. with the offense, nor has the State provided evidence that the State is still investigating J.D.R. for that offense. The State argues it is not required to prove that there are any pending charges against the petitioner for the petitioner to remain subject to prosecution, citing *In re I.V.*, 415 S.W.3d 926 (Tex. App.—El Paso 2013, no pet.), and *State v. Echeverry*, 267 S.W.3d 423 (Tex. App.—Corpus Christi–Edinburg 2008, pet. denied).

Both cases on which the State relies are distinguishable from the present case, however. In *In re I.V.*, the district attorney testified at the expunction hearing that, based on the victim's testimony, she believed there were additional, related charges that could be brought against the petitioner in the future, and so the expunction record affirmatively reflected that the petitioner was still subject to prosecution for similar offenses. 415 S.W.3d at 931. In *Echeverry*, the district attorney testified at the expunction hearing that his office was investigating specific offenses that the petitioner committed on the same day as the offense for which the petitioner was acquitted. 267 S.W.3d at 426. In both cases, there was affirmative testimony from the prosecutor that the petitioner was still being investigated for possible charges.

In other cases involving a denial of expunction based on the "remains subject to prosecution" exception, there were already pending charges against the petitioner.

6

*E.g.*, *In re J.B.*, 564 S.W.3d 436 (Tex. App.—El Paso 2016, no pet.) (holding acquitted petitioner not entitled to expunction where he admitted in his petition that he was still subject to a pending, related charge).

The State has not cited, nor have I identified, any authority to support the claim that a petitioner "remains subject to prosecution" for an offense without any formal charge or even evidence at the expunction hearing that a district attorney might bring a formal charge. In this case, there was testimony at trial that J.D.R. committed the offense of sexual contact with a child, and I do not intend to dismiss or belittle this testimony. But we have no reason to believe that the testimony was not used for the purpose it was offered; we must presume the jury in that trial considered that testimony and gave it the appropriate weight in deciding J.D.R.'s guilt or innocence.

The State did not present that testimony from the criminal trial to the trial court before J.D.R.'s petition for expunction was granted, nor did it present any evidence that charges had been or could be brought against J.D.R. The State argued, for the first time in its motion for new trial after the petition for expunction was granted, that the trial court should not have granted the petition for expunction solely because of the testimony presented during the separate criminal trial. The State would require a trial court, which may not even be the same court that presided over the underlying criminal proceeding, to scour not only the criminal trial record for

7

any evidence of a potentially related offense before granting a petition for expunction, but also virtually any record created during the petitioner's lifetime for such a potentially related offense, because, as we held—incorrectly, I believe—in *In re M.T.R.*, a "criminal episode" includes any two similar offenses that occur at any time during the petitioner's life. *See* 606 S.W.3d at 293–94 (holding petitioner not entitled to expunction of DWI offense for which he was acquitted because of his DWI conviction that occurred three years earlier).

The Texas Supreme Court has agreed with the general rule that a person is not entitled to expunction until all of the statutory conditions are met, *see T.S.N.*, 547 S.W.3d at 620, but the Court has not had an opportunity to answer the question before us: whether a petitioner for expunction should bear the burden of proving he is not subject to prosecution for an offense before the State has provided some evidence that he is subject to prosecution for the offense. A petitioner cannot negate charges that do not exist. To require the petitioner to prove he is not subject to pending charges, without first requiring the State to make at least a minimal showing of possible or pending charges, is an absurd reading of the statute. *See id.* at 621 (statutory analysis of the expunction statute is limited to plain meaning of statutory language "*unless* . . . the plain meaning leads to absurd or nonsensical results"). I would hold, consistent with the outcomes in *In re I.V.* and *Echeverry*, that before a petitioner for expunction must prove he is *not* subject to prosecution for an offense,

the State present evidence that the petitioner has been charged for the offense or at least present evidence that the petitioner is being investigated for a potential charge. *See In re I.V.*, 415 S.W.3d at 931–32; *Echeverry*, 267 S.W.3d at 426–27. This reading effectuates the intent of the statute without placing an impossible burden of proof on the petitioner.

The majority holds that J.D.R. is not entitled to expunction because he "remains subject to prosecution" for sexual contact with a child and he did not provide evidence to the contrary. Considering that, at the time the trial court granted J.D.R.'s expunction petition, the State had not put forward any evidence in the civil proceeding that J.D.R. *was* subject to prosecution, it is impossible to conceive how J.D.R. could have countered that claim and why his expunction should have been denied on that basis.

## CONCLUSION

To burden a person who has been acquitted of an offense with the significant, real-life consequences of possible loss of employment or housing that arise even from an unsuccessful prosecution is unjust, and doing so is even more unjust when the supposed "criminal episode" barring the expunction is based on a possible future prosecution for which there is no formal charge or even sworn testimony from a prosecutor claiming the charge may be brought. For this reason, I dissent.

                                    Gordon Goodman
                                    Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Farris.

Justice Goodman, dissenting.